399 P.2d 907

Mae Louise BAILEY, Petitioner,

v.

SUPERIOR COURT for the State of Arizona IN AND FOR the COUNTY OF YAVAPAI, Jack L. Ogg, Judge of the Superior Court of the State of Arizona in and for the County of Yavapai, and Reford L. Bailey, Jr., Respondents.

No. 8644.

Supreme Court of Arizona.

En Banc.

March 18, 1965.

---

Palmer C. Byrne and Barry B. Cline, Prescott, for petitioner.

Eino M. Jacobson, Prescott, for respondents.

McFARLAND, Justice.

This is an application for a writ of mandamus to compel the Superior Court of the State of Arizona and the Honorable Judge Jack L. Ogg of Yavapai County to fix and approve a supersedeas bond for a cause on appeal.

The facts are stated briefly as follows: The real parties in interest are the petitioner and Reford L. Bailey, Jr., from whom the petitioner was divorced in December 1962. The 1962 Arizona divorce decree awarded custody of Reford L. Bailey, III, and James D. Bailey, to the wife, subject to reasonable visitation rights by the father, the respondent in this application. A later stipulation and order granted custody of James to his father. In July of 1964, the father petitioned for an order modifying the custody award in reference to Reford L. Bailey, III. After trial upon this issue, the Hon. Judge Ogg issued an unsigned minute entry on November 13, 1964, awarding custody of the minor child to the father. Pursuant to the divorce decree of December 1962, the respondent on this same date— November 13, 1964—took physical custody of Reford L. Bailey, III, and from that date, has never returned the child to his mother.

On November 30, 1964, Judge Ogg signed and filed a formal written judgment in this matter, and on that same date, the petitioner filed a notice of appeal and a supersedeas bond. The respondent filed his objections thereto, supported by an affidavit and a memorandum. On December 7, 1964, after oral argument, the court entered an order denying the bond as a supersedeas bond and allowing the bond in the sum of $250.00 as a cost bond only. Thereafter, this application for a writ of mandamus was filed.

This court has held that mandamus is an available remedy where a court refuses to act, and to exercise jurisdiction rightfully possessed. State v. Phelps, 67 Ariz. 215, 193 P.2d 921. The Superior Court rightfully had jurisdiction of this matter, as the order appealed from had been issued from that court, and the parties were properly before the court. Under the Arizona Rules of Civil Procedure, Rule 58(a), 16 A.R.S., the judgment appealed from was not effective until it was reduced to writing, sign-

ed, and filed. Therefore, the judgment of the Superior Court did not become effective until November 30, 1964. Until the time when the judgment was signed and filed, legal custody of the minor child remained in the petitioner, under the terms of the original divorce decree of December 1962. The taking of the child by the respondent on November 13, 1964, was proper under the "reasonable visitation rights" granted in the original divorce decree; but his failure to return the child on the following Sunday, November 15, 1964, was in violation of the order of the court.

The application for the writ of mandamus to fix and approve the supersedeas bond should be granted. The facts of the present case fall squarely within the ruling laid down by this court in the case of Gotthelf v. Fickett, 37 Ariz. 322, 294 P. 837, wherein it was stated that the effect of the supersedeas bond was merely to preserve the status quo, and not to undo any act already done in pursuance of the order superseded. But there was no execution in pursuance of the order appealed from and for which the supersedeas bond was applied.

In Application of Lavis, 96 Ariz. 316, 394 P.2d 655, we again held that the signing of supersedeas bond stayed the execution in regard to custody of children:

"When a notice of appeal and a supersedeas bond is given, the superior court loses all further jurisdiction in the case except in furtherance of the appeal. Gotthelf v. Fickett, 37 Ariz. 322, 37 Ariz. 413 On Rehearing, 294 P. 837. Further, the approval of a supersedeas bond in an amount fixed by the court and conditioned in the language of the statute, is a ministerial duty of the court and not a matter of discretion. See Gotthelf, supra. Accordingly, when the mother gave notice of appeal in the superior court, and the supersedeas bond in the amount fixed by the judge was approved by him and filed, he lost jurisdiction to enter any further order except in furtherance of the appeal. Vacating of the supersedeas bond was not such an order in furtherance of an appeal, and therefore was void.

"The effect of the supersedeas bond was to preserve the status quo. See Gotthelf, supra. The children had not been restored to the father at the time the bond was approved and filed. Therefore the effect of the bond was to maintain the status quo of the children's actual custody, i. e., in the mother." 96 Ariz. at 318, 394 P.2d at 656.

Legal custody of the minor child was in the mother at the time the judgment was signed and filed. She is therefore entitled to the custody of the minor child, and it is hereby ordered that she continue said custody pending appeal, and the order of November 30, 1964, is entirely superseded.

**296**

It is therefore ordered that the alternative writ of mandamus heretofore issued be made permanent. It appearing that the refusal of the superior court to approve the bond submitted as a supersedeas bond was based on grounds other than its conditions or sufficiency, it is hereby ordered that respondent approve the same as both a supersedeas and an appeal bond.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and UDALL, JJ., concurring.