407 P.2d 69

**Chyrl ALLISON, Petitioner,**

**v.**

**Hon. Kenneth CHATWIN, Judge of Superior Court, County of Maricopa, Arizona, and James Ovens, Jr., Real Party in Interest, Respondents.**

**No. 8687.**

Supreme Court of Arizona.

In Division.

Oct. 28, 1965.

Lewis, Roca, Scoville, Beauchamp & Linton, by John J. Flynn and James Moeller, John J. Dickinson, Phoenix, for petitioner.

Robert K. Corbin, County Atty., for respondent Judge.

Charles Brewer, Herbert Mallamo, Phoenix, for respondent Ovens.

McFARLAND, Justice.

This is a petition for a writ of certiorari to review a decision of the Honorable Kenneth Chatwin wherein he fixed a supersedeas bond in the amount of $50,000 in a child-custody proceeding. Petitioner and James M. Ovens, Jr., were divorced in Maricopa County in 1958, at which time petitioner, Chyrl Allison, was awarded custody

of the ten minor children, who were the progeny of that marriage. The proceedings involved in this application for the writ of certiorari concern only three of the children—viz., Kevin, James Bryan, and Terrence. Upon a petition for a change of custody, respondent court, Honorable Kenneth Chatwin, entered an order dated August 27, 1965, which was later reduced to formal judgment on September 13, 1965, transferring custody of these children from the petitioner-mother to the respondent-father, James M. Ovens, Jr. The order of August 27, 1965, provided that custody of the children was to be surrendered August 31, 1965.

Counsel for petitioner immediately filed a notice of appeal and petition to fix supersedeas bond, and was advised by the respondent court that counsel would be informed as to whether or not there would be a hearing on the supersedeas bond setting. Counsel for petitioner offered to post an appeal bond immediately, which was refused. Counsel for petitioner immediately applied to the Court of Appeals, Division One, for writ of mandamus and writ of prohibition. The Chief Judge of the Court of Appeals entered an order staying all further proceedings in the cause below until such time as the Court of Appeals had an informal hearing, which was set for September 22, 1965, or until such time as the trial court fixed supersedeas bond in a reasonable amount.

During this time counsel for respondent Ovens was proceeding by habeas corpus to secure custody of the children. On September 14, 1965, respondent Judge Chatwin conducted a hearing, and thereupon set supersedeas bond in the sum of $50,000.

Petitioner filed this writ of certiorari to review the proceedings, in which the $50,000 bond was set, alleging that the same was unreasonable and an abuse of discretion on the part of the respondent court.

In Bailey v. Superior Court, 97 Ariz. 293, 399 P.2d 907, the lower court had granted a change of custody for a minor child. In discussing the proceedings in the lower court, in regard to the granting of a supersedeas bond, we said:

"On November 30, 1964, Judge Ogg signed and filed a formal written judgment in this matter, and on that same date, the petitioner filed a notice of appeal and a supersedeas bond. The respondent filed his objections thereto, supported by an affidavit and a memorandum. On December 7, 1964, after oral argument, the court entered an order denying the bond as a supersedeas bond and allowing the bond in the sum of $250.00 as a cost bond only. Thereafter, this application for a writ of mandamus was filed." 97 Ariz. at 294, 399 P.2d at 908.

In ruling upon the case, we stated:

"The application for the writ of mandamus to fix and approve the super-

**102**

sedeas bond should be granted. The facts of the present case fall squarely within the ruling laid down by this court in the case of Gotthelf v. Fickett, 37 Ariz. 322, 294 P. 837, wherein it was stated that the effect of the supersedeas bond was merely to preserve the status quo, and not to undo any act already done in pursuance of the order superseded. But there was no execution in pursuance of the order appealed from and for which the supersedeas bond was applied.

"In Application of Lavis, 96 Ariz. 316, 394 P.2d 655, we again held that the signing of supersedeas bond stayed the execution in regard to custody of children:

" 'When a notice of appeal and a supersedeas bond is given, the superior court loses all further jurisdiction in the case except in furtherance of the appeal. Gotthelf v. Fickett, 37 Ariz. 322, 37 Ariz. 413 On Rehearing, 294 P. 837. Further, the approval of a supersedeas bond in an amount fixed by the court and conditioned in the language of the statute, is a ministerial duty of the court and not a matter of discretion. See Gotthelf, supra. * * *'

\* \* \* \* \* \*

"Legal custody of the minor child was in the mother at the time the judgment was signed and filed. She is therefore entitled to the custody of the minor child, and it is hereby ordered that she continue said custody pending appeal, and the order of November 30, 1964, is entirely superseded.

"It is therefore ordered that the alternative writ of mandamus heretofore issued be made permanent. It appearing that the refusal of the superior court to approve the bond submitted as a supersedeas bond was based on grounds other than its conditions or sufficiency, it is hereby ordered that respondent approve the same as both a supersedeas and an appeal bond." 97 Ariz. at 295, 399 P.2d at 909.

■ As we stated in the Bailey case, supra, when an appeal is filed in a case in which custody of children is changed by the lower court, it is the duty of the court upon application to fix a supersedeas bond, the purpose of which is to preserve the status quo of the case pending appeal. The court in the instant case, in its order changing the custody of the children, stated:

"That it is absolutely essential, in order to guard the safety, welfare and care of the minor children, TERRENCE, JAMES BRYAN, and KEVIN, in the event of an appeal, that they be temporarily awarded to the custody of the defendant father herein, pending said appeal, and in furtherance thereof, until the final determination be made."

■ It is not within the power of the lower court to award custody of children

temporarily pending appeal. This court has held that in the filing of a supersedeas bond, the case shall merely be held in status quo, and the bond shall have no retroactive effect so as to undo or invalidate any act already done. In Application of Lavis, 96 Ariz. 316, 394 P.2d 655; Gotthelf v. Fickett, 37 Ariz. 322, 294 P. 837, on rehearing, 37 Ariz. 413, 294 P. 837.

The purpose of the supersedeas bond is to afford the party appealing from a lower court order to stay any further proceedings in the cause being appealed until such time as the appeal has been ruled upon by the reviewing court. Therefore, the lower court, upon notice of appeal, should determine as quickly as possible the amount of the supersedeas bond, stay execution for a reasonable time to permit the party appealing to post the bond, and thereby stay and preserve the status quo. Otherwise the effect might be to render nugatory the purpose of the supersedeas bond. Any other procedure would mean that the whole living conditions and routine of the children would be disturbed by such a transfer in the event the court reversed the lower court's ruling in regard to the custody of the children.

Petitioner was unable to give a bond as large as $50,000, and by the fixing of this large bond the court defeats the purpose of a supersedeas bond and prevents holding the case in status quo. Rules of Civil Procedure, Rule 73 (*l*), A.R.S., 16 A.R.S., provides that the amount of the supersedeas bond should be "conditioned that the appellant will pay to the opposite party all damages which such party may sustain by the suspension of the order or the stay of proceedings." A bond should be no larger than an amount necessary to give this assurance. We find that $50,000 was excessive and unreasonable under the circumstances, and $4,000 would be a reasonable amount.

It is hereby ordered that the respondent approve the supersedeas bond in the amount of $4,000, and approve same both as a supersedeas and appeal bond.

LOCKWOOD, C. J., and UDALL, J., concurring.