433 P.2d 968

Chyrl Merth (Ovens) ALLISON, Appellant,

v.

James M. OVENS, Jr., Appellee.

No. 8941–PR.

Supreme Court of Arizona.

In Banc.

Nov. 22, 1967.

Rehearing Denied Jan. 9, 1968.

John J. Dickinson, Phoenix, for appellant.

Charles M. Brewer, Jerry H. Glenn, Phoenix, for appellee.

JOHN P. COLLINS, Judge, Superior Court.

This matter is before us by a petition to review the decision of the Court of Appeals reported in 4 Ariz.App. 496, 421 P.2d 929. We granted the petition for the limited purpose of reviewing the jurisdiction of the trial court to make temporary custody awards of children pending appeal.

The trial court entered judgment modifying a previous decree of divorce relating to the custody of three minor children. The three children were awarded to the father, Dr. James M. Ovens, Jr., and the mother, Chyrl Merth (Ovens) Allison, appealed as to the change of custody relating to two only of the three children.

This case was before us previously (Allison v. Chatwin, 99 Ariz. 99, 407 P.2d 69) pending the appeal thereof in the Court of Appeals. There, the mother of said children sought a review of the decision of the trial court, wherein it fixed a supersedeas bond in the amount of $50,000, which amount was by this court held to be unreasonable and reduced to $4,000.

The trial court, anticipating the appellant might appeal the decision changing custody of the three children, held:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pending any appeal that may be filed, that the care, custody and control of the minor children, Terrance, James Brian, and Kevin, be awarded to the defendant father, in furtherance of any appeal that might be taken herefrom, in order to guard the health, safety and welfare of the heretofore mentioned children, until a final determination may be made."

This holding of the court is contrary to the previous decisions of this court.

Apparently the trial court misinterpreted our previous decisions on this subject, as was suggested by petitioner in the request for review. We were of the opinion that this court had made the rules clear in regard to custody of children on appeal, commencing with Gotthelf v. Fickett, 37 Ariz. 322, 294 P. 837, on rehearing 37 Ariz. 413, 294 P. 837, and the most recent of which was, of course, Allison v. Chatwin, supra.

Appropos the situation in granting this review was the following statement made on rehearing of the Gotthelf case, supra:

"* * * Ordinarily we do not write opinions on such motions [for rehearing], but, since respondent has suggested our original opinion is in some points confusing to the bar of the state on an important point of practice, we depart from our usual custom." [Emphasis supplied.] 37 Ariz. at 414, 294 P. at 840.

In our recent decision on Hackin v. Superior Court, 102 Ariz. 93, 425 P.2d 420, we had an opportunity to review Allison v.

Chatwin, supra, and stated there in this regard as follows:

"In Allison v. Chatwin, 99 Ariz. 99, 103, 407 P.2d 69, this Court made clear its view of both the purpose of a supersedeas bond and a lower court's duty with regard thereto:

" 'The purpose of the supersedeas bond is to afford the party appealing from a lower court order to stay any further proceedings in the cause being appealed until such time as the appeal has been ruled upon by the reviewing court. Therefore, *the lower court, upon notice of appeal, should determine as quickly as possible the amount of the supersedeas bond, stay execution for a reasonable time to permit the party appealing to post the bond, and thereby stay and preserve the status quo.* Otherwise the effect might be to render nugatory the purpose of the supersedeas bond.' (Emphasis added.) * * *" 102 Ariz. at 94, 425 P.2d at 421.

Since, unlike Hackin, supra, the instant case does involve the custody of children, it would be appropriate to set out here the balance of the paragraph appearing in Allison v. Chatwin, supra, which was omitted in the Hackin opinion. It is as follows:

" * * * Any other procedure would mean that the whole living conditions and routine of the children would be disturbed by such a transfer in the event the court reversed the lower court's ruling in regard to the custody of the children." 99 Ariz. at 103, 407 P.2d at 71.

It seems patently clear to us that insofar as supersedeas is concerned, there is no reason for a distinction between two appeals, the one involving an ordinary change of custody of minor children (Bailey v. Superior Court, 97 Ariz. 293, 399 P.2d 907), and the other case involving a civil appeal not involving change of custody (Hackin v. Superior Court, supra).

The precise question relating to supersedeas, which is presented to us on this re-view, is whether there is a logical reason for a distinction between two appeals, the one involving an ordinary change of custody of minor children (Bailey v. Superior Court, supra), and the other case being an appeal involving specific findings and order of the trial court relating to the necessity of a temporary change of custody, *pending any appeal,* in order to safeguard the safety, welfare, and care of the minor children (Allison v. Chatwin, supra).

Thus, in the instant case, the trial judge made express findings and an order relating to such temporary custody pending appeal. This court took note of such findings and order in our opinion in Allison v. Chatwin, supra, as follows:

" 'That it is absolutely essential, in order to guard the safety, welfare and care of the minor children, TERRENCE, JAMES BRYAN, and KEVIN, in the event of an appeal, that they be temporarily awarded to the custody of the defendant father herein, pending said appeal, and in furtherance thereof, until the final determination be made.' " 99 Ariz. at 102, 407 P.2d at 71.

Notwithstanding the aforesaid specific findings by the trial court, in Allison v. Chatwin, supra, we stated:

"It is not within the power of the lower court to award custody of children temporarily pending appeal. This court has held that in the filing of a supersedeas bond, the case shall merely be held in status quo, and the bond shall have no retroactive effect so as to undo or invalidate any act already done. In Application of Lavis, 96 Ariz. 316, 394 P.2d 655; Gotthelf v. Fickett, 37 Ariz. 322, 294 P. 837, on rehearing, 37 Ariz. 413, 294 P. 837." 99 Ariz. at 102, 407 P.2d at 71.

If the rule were otherwise in the instant case, it would necessarily mean that the trial court, by its own act, could enlarge its jurisdiction into a field where it has no jurisdiction, *except to do acts in furtherance of the appeal.* This was never con-

templated by the legislature, nor by this court.

■ In Gotthelf v. Fickett, supra, this court reaffirmed its prior holdings that:

" 'When the Supreme Court has taken jurisdiction of a case on an appeal no inferior tribunal has any jurisdiction thereof, *except to perform the necessary acts in furtherance of the appeal.*' " 37 Ariz. at 416, 294 P. at 840.

See also Sam v. State, 33 Ariz. 421, 265 P. 622, and Navajo Realty Co. v. County National Bank & Trust Co., 31 Ariz. 128, 250 P. 885.

After reiterating the foregoing rule in Gotthelf, supra, this court reasoned logically that there is a distinct difference in the jurisdiction of a trial court relating to "acts in furtherance of an appeal" in an appeal *not* involving a supersedeas bond, as opposed to an appeal such as here, where, *but for the posting of a supersedeas bond,* the two cases might otherwise be the same. In arriving at this distinction this court held (in Gotthelf v. Fickett, supra) :

"We are of the opinion that the minor children of the parties to a divorce proceeding are in a situation somewhat analogous to that of specific property awaiting the disposition of the court. It is the child itself, and not a substitute therefor, which is involved in the decree of the court. It is absolutely essential, in order that justice be done, that the child be properly cared for till its custody be finally determined. For this reason any order made by the superior court pending an appeal, and involving simply the temporary custody of the child, is one in furtherance of the appeal, and not in any way prejudicial to the jurisdiction of this court.

"Suppose, for example, it should appear that the health of the child involved in this case was suffering by its remaining in Tucson during the pendency of the appeal. Would it be said that it was not in furtherance of the appeal that it be taken from the orphanage where it

now is and placed temporarily where its health would be preserved? The question itself indicates the only possible answer. Such order, of course, would be merely a temporary one for the care and safety of the child. The trial court is obviously in a better position than this court to determine what the immediate needs of the child are, and, when only the ordinary appeal bond is given, we think it still retains jurisdiction to make orders guarding the health and safety of the child until a final determination of the appeal by this court, and that such action is in furtherance of the appeal. *"When, however, a supersedeas bond is given, in many jurisdictions, among which we have held Arizona to be, this by statute destroys the right of the court to make any further order whatever in the proceedings superseded, and in such a case the child must be guarded either, as we have indicated, through juvenile proceedings, or by application to this court for some proper order.* Vosburg v. Vosburg, 137 Cal. 493, 70 P. 473; Ex parte Dupes, 31 Cal.App. 698, 161 P. 276; Casebolt v. Casebolt, 170 Ky. 88, 185 S. W. 510." [Emphasis supplied.] 37 Ariz. at 416, 294 P. at 841.

■ That the facts of the instant case are squarely within Gotthelf, supra, there can be no doubt. Therefore, for a change to be made in the custody of the children pending appeals it would have to be through juvenile proceedings or by application to this court for some proper order. This is the procedure this court has held to be proper and in the best interests of children during appeal.

■ The view of this court on the purpose and effect of supersedeas, as set out above, has been the law of this state since Gotthelf, supra, and as such was and is controlling in all stages of proceedings of the instant case. Furthermore, this court having previously had this case before it on certiorari pending the appeal of the case in the Court of Appeals, our decision there became, in addition, the express law

of the case. This being so, that opinion of this court should have been followed in all applicable respects in said appeal proceedings.

 That part of the Court of Appeals decision in regard to the order for temporary custody is vacated. We hold the lower court was without jurisdiction to order temporary custody of the children pending appeal. In all other respects the judgment of the lower court is affirmed.

McFARLAND, V. C. J., UDALL and LOCKWOOD, JJ., and LLOYD C. HELM, Judge Superior Court, concur.