484 P.2d 176

Richard YOUNG and Eva Ann Young, husband and wife, Petitioners,

v.

Clarence N. BACH and Ada M. Bach, husband and wife, Respondents.

No. 10379.

Supreme Court of Arizona, In Banc.

April 22, 1971.

A. Alan Hanshaw, Tucson, for petitioners.

Dowdall, Harris, Hull & Terry by Sidney Lex Felker, Tucson, for respondents.

CAMERON, Justice.

This is an original application for writ of habeas corpus asking that this court order that the care, custody, and control of the minor, Bradley Bach, be granted Richard and Eva Young, pending an appeal by the paternal grandparents, Clarence and Ada Bach, from the order of the trial court appointing the Youngs guardians of the person and estate of the said minor.

We are called upon to determine whether custody of the minor should be ordered to the Youngs pending the appeal from the order of the probate court.

On 29 May 1970, Thomas and Elizabeth Bach, parents of Bradley Bach, were killed in an accident while serving as missionaries in Africa. Bradley, age 4, the sole surviving child of decedents, was returned to Arizona by an agency of their church and placed · in the home of respondents and grandparents Clarence and Ada Bach.

Both Thomas and Elizabeth Bach left wills which requested the appointment of Mr. and Mrs. Travis Wheeler as guardians of Bradley Bach and in the alternative requested the appointment of applicants Richard and Eva Young. The will of Thomas Bach was admitted to probate on or about 17 August 1970.

Travis Wheeler and Betty Wheeler petitioned the court for appointment of guardians of the person and property of Bradley

Bach as requested in the will of the deceased. The respondents objected and on 21 September 1970 the court entered an order staying the appointment of the Wheelers as guardians until a full hearing could be had. In the same order of 21 September 1970, the court ordered the child to remain with the respondents until a hearing could be had on the merits of the appointment of guardian. On 6 November 1970, the hearing on the guardianship pursuant to the will and upon the cross-petition of respondents was commenced. The Wheelers, because of alleged pressure from the respondents, withdrew their petition for appointment of guardian, and Richard and Eva Young were substituted as petitioners under the will.

On 10 December 1970, the trial court filed findings of fact and conclusions of law finding:

"16. That the welfare and best interest of BRADLEY RAY BACH will be best served by placing him in the permanent custody of Mr. and Mrs. Dick Young, and that it will not be detrimental to the best interest of BRADLEY RAY BACH to transfer him from the temporary custody of his grandparents, Mr. and Mrs. Clarence Bach, to the permanent custody of Mr. and Mrs. Dick Young."

The judgment and order was signed 11 January 1971 ordering that the findings of fact and conclusions of law be adopted and:

"4. That upon the qualification of the guardians as set forth in Paragraph 3 herein, the person and property of BRADLEY RAY BACH be delivered forthwith to DICK and ANN YOUNG, guardians of the person and property of said minor.

"5. That the cross petition for appointment of guardian filed by CLARENCE N. BACH on behalf of himself and ADA M. BACH, be, and the same is hereby dismissed."

The respondents refused to permit the guardian to take the child from their home.

The respondents filed notice of appeal on 19 January 1971 and posted an appeal bond in the amount of $250. The respondents also petitioned the Superior Court to set a supersedeas bond.

Hearing was held on the supersedeas bond on 22 January 1971 and the minutes indicate:

"In view of the fact that Mr. Hanshaw has informed the Court that he is seeking relief in this matter by means of a writ of habeas corpus filed with the Arizona Supreme Court,

"THE COURT FINDS no necessity for setting a supersedeas bond at this time, therefore,

"IT IS ORDERED that the hearing for setting a supersedeas bond is continued until after action by the Arizona Supreme Court on the application for writ of habeas corpus."

■ We have reviewed the file and can find no abuse of the trial court's discretion in following the wishes of the deceased parents in appointing the Youngs as guardians of the person and property of the minor, Bradley Bach. The trial court having had the opportunity of observing the demeanor of the parties was in a far better position to determine what would be in the best interest of the minor and we will be most reluctant to change that determination absent the most compelling of reasons. We therefore order that pending the disposition of the matter on appeal that the custody of the minor child, Bradley Bach, be placed in the Youngs as previously ordered by the trial court.

While the matter of the writ of habeas corpus has been disposed of by ordering the custody to be given to the Youngs pending appeal, we believe it appropriate to discuss the procedure followed in this case.

It is apparent that the parties and the trial court were following the procedure as dictated by previous decisions of this court concerning custody orders which have been appealed by parties having actual custody but who have been ordered by the trial

court to relinquish custody. This court stated:

"The purpose of a supersedeas bond is to afford the party appealing from a lower court order to stay any further proceedings in the cause being appealed until such time as the appeal has been ruled upon by the reviewing court. Therefore, the lower court, upon notice of appeal, should determine as quickly as possible the amount of the supersedeas bond, stay execution for a reasonable time to permit the party appealing to post the bond, and thereby stay and preserve the status quo." Allison v. Chatwin, 99 Ariz. 99, 103, 407 P.2d 69, 71 (1965).

Later concerning the same children the court stated:

"The precise question relating to supersedeas, which is presented to us on this review, is whether there is a logical reason for a distinction between two appeals, the one involving an ordinary change of custody of minor children (Bailey v. Superior Court, [97 Ariz. 293, 399 P.2d 907,] supra), and the other case being an appeal involving specific findings and order of the trial court relating to the necessity of a temporary change of custody, pending any appeal, in order to safeguard the safety, welfare and care of the minor children." Allison v. Ovens, 102 Ariz. 520, 522, 433 P.2d 968, 970 (1967).

The court went on to state that there was no difference in reasoning and that the remedy pending appeal would be the same regardless of the finding by the trial court that for the child to remain in custody of the party appealing would be detrimental to the minor.

This court, citing our previous case of Gotthelf v. Fickett, 37 Ariz. 322, 294 P. 837 (1930), stated:

"That the facts of the instant case are squarely within Gotthelf, supra, there can be no doubt. Therefore, for a change to be made in the custody of the children pending appeals it would have to be through juvenile proceedings or by

application to this court for some proper order. This is the procedure this court has held to be proper and in the best interests of children during appeal." Allison v. Ovens, supra, 102 Ariz. at 520, 433 P.2d at 971.

It is noted that the Supreme Court in the Allison v. Ovens case, supra, did award custody of the children to the same parties awarded the custody by the trial court. This is true in most cases wherein there is an appeal from an award of child custody, and it is only rarely that an appellate court will disturb the custody on appeal. For this reason, if for no other, the rule allowing a person having custody against whom an order has been made requiring him to give up custody to postpone the execution of that order by a supersedeas bond more often works to the detriment of the child than it works to his benefit. This is all the more so when the court has specifically found it to be detrimental to the child to allow that person to retain custody of the minor child by posting bond. As the Court of Appeals said in the case of Allison v. Ovens later vacated by this court:

"Under these circumstances, this Court would question the wisdom in allowing the children to remain in this potentially damaging environment pending appeal by the posting of a supersedeas bond and we are also unable to say that a bond in any amount will suffice to repair the damage that may be done to children kept in the atmosphere described in this case for the period of time it takes to consider a matter on appeal. * * *." Allison v. Ovens, 4 Ariz.App. 496, 499, 421 P.2d 929, 932 (1966), review granted 29 March 1967, opinion vacated, Allison v. Ovens, 102 Ariz. 520, 433 P.2d 968 (1967).

■ We therefore hold that the previous decisions of this court allowing a party to retain custody of a minor child by posting of a supersedeas bond pending appeal does not apply to child custody cases wherein the trial court has specifically found it would be detrimental to the health

or well being of the child to have to remain in the custody of that party. So much of the previous cases of Allison v. Ovens, supra, and Gotthelf v. Fickett, supra, and others which hold otherwise are hereby by this opinion expressly overruled.

 In the instant case, we find nothing to indicate that the court was incorrect in ordering custody to the Youngs. The testimony amply supports this decision and considering the age of the child, the sooner he is transferred to the Youngs the better it will be for all concerned.

It is therefore ordered that the custody be transferred to the Youngs pending appeal.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.