579 P.2d 39

Sam MAKALLA and Barbara A. Yanez, dba Park Lee Estates Nursery and Kindergarten, Petitioners,

v.

The SUPERIOR COURT OF the State of Arizona, COUNTY OF MARICOPA; the Honorable Marilyn A. Riddel, Judge of the Superior Court, and Jerry I. Hill, Sheriff of Maricopa County, Respondents,

HARSH BUILDING COMPANY, James Little and Jane Doe Little, his wife, Real Parties in Interest.

No. 13288.

Supreme Court of Arizona, In Banc.

April 20, 1978.

Richard T. Ball, Phoenix, for petitioners.

Evans, Kitchel & Jenckes by Jerry C. Bonnett, Nathan R. Niemuth, Phoenix, for respondents real parties in interest.

STRUCKMEYER, Vice Chief Justice.

This special action arises out of the refusal of the Superior Court of Maricopa County to grant a stay and set a supersedeas bond pending an appeal. Jurisdiction is derived from 17A A.R.S. Rules for Special Action. The order of the Superior Court denying a stay and refusing to set supersedeas bond in Cause No. C–258834 of the Maricopa County Superior Court is vacated with directions to grant a stay and set an appropriate bond.

In February of 1972, petitioners, Sam Makalla and Barbara A. Yanez, doing business as Park Lee Estates Nursery and Kindergarten, filed an action in the Maricopa County Superior Court requesting a declaration of their rights under a lease and for damages for breach of lease against Harsh Building Company and James Little and his wife, respondents, real parties in interest and lessors. The lease, as executed on October 31, 1967, covered "Apartments 105 and 106 in apartment number 10" at the Park Lee Estates Condominium. Section 2 of the lease, entitled, "Option to Lease Additional Space", provided that within 60 days from the date of the lease petitioners could exercise an option to lease apartments 107 and 108 in apartment number 10 subject to the restriction that the apartments would be used only as residences for the petitioners or their employees. Seemingly, as an issue in the court below, petitioners asserted that they had complied with section 2 of the lease. In addition, petitioners in the lower court alleged that the respondents had set out to harass and discourage them from remaining on the premises, and that respondents had intentionally and maliciously interfered with petitioners' present

and prospective nursery school business, thereby damaging petitioners.

Respondents answered, denying petitioners' allegations of breach and affirmatively alleged that petitioners failed to use the demised premises solely for nursery and kindergarten purposes, that petitioners had sublet portions of the demised premises without prior written consent, and that petitioners had placed additional locks on portions of the demised premises, all in violation of the lease. Respondents elected to declare the lease null and void and of no further force and effect. They also counter-claimed, alleging that petitioners were given written notice of termination of their "month-to-month tenancy" of apartments 107 and 108, but refused to deliver possession and continued to wrongfully detain the demised premises.

The Superior Court entered judgment on April 6, 1977, ordering petitioners to vacate the premises within thirty days from the date of entry. The judgment also provided that a Writ of Restitution would issue in the event petitioners failed to vacate within the prescribed time. On June 10, 1977, three days after petitioners' motion for a new trial was denied, the court issued a Writ of Restitution. Petitioners then filed their notice of appeal and requested the court to set supersedeas bond.

After the lower court denied petitioners' application, petitioners filed this special action, seeking an order of this Court to force the Superior Court to grant their request for a stay and to set a supersedeas bond.

Petitioners assert that as a matter of right they are entitled to approval of a supersedeas bond pursuant to Rule 73(k), Arizona Rules of Civil Procedure. Rule 73(k) states:

"1. Whenever an appellant entitled thereto desires a stay on appeal, he may present to the superior court for its approval a supersedeas bond which shall have such surety or sureties as the court requires and which shall be filed with the clerk of the superior court. The bond shall be conditioned for the satisfaction of the judgment in full, together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and costs, interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.

2. When the judgment determines the disposition of the property in controversy as in real actions, replevin, and actions to foreclose mortgages or when such property is in the custody of the sheriff or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay."

Respondents argue that while formerly it may have been the ministerial duty of the Superior Court to set supersedeas and grant a stay, the case of *Young v. Bach*, 107 Ariz. 180, 484 P.2d 176 (1971), expressly overruled any prior case law to that effect.

In *Application of Lavis*, 96 Ariz. 316, 394 P.2d 655 (1964), we explained the rule announced in *Gotthelf v. Fickett*, 37 Ariz. 322, 294 P. 837 (1930), saying:

"[T]he approval of a supersedeas bond in an amount fixed by the court and conditioned in the language of the statute, is a ministerial duty of the court and not a matter of discretion." Id. 96 Ariz. at 318, 394 P.2d at 656.

We elaborated further in *Allison v. Chatwin*, 99 Ariz. 99, 407 P.2d 69 (1965), where we said:

"The purpose of the supersedeas bond is to afford the party appealing from a lower court order to stay any further pro-

ceeding in the cause being appealed until such time as the appeal has been ruled upon by the reviewing court. Therefore, the lower court, upon notice of appeal, should determine as quickly as possible the amount of the supersedeas bond, stay execution for a reasonable time to permit the party appealing to post the bond, and thereby stay and preserve the status quo." Id. at 103, 407 P.2d at 71.

*See also Allison v. Ovens*, 102 Ariz. 520, 433 P.2d 968 (1967).

In *Gotthelf, Lavis,* and *Chatwin*, supra, the focus was on whether the trial court had jurisdiction to order a change of custody after its authority to act had been suspended by the posting of supersedeas bond. However, in *Young v. Bach*, supra, we shifted our attention to the duty of the trial court to protect the child in custody proceedings, holding:

"[T]he previous decisions of this court allowing a party to retain custody of a minor child by posting of a supersedeas bond pending appeal does not apply to child custody cases wherein the trial court has specifically found it would be detrimental to the health or well being of the child to have to remain in the custody of that party. So much of the previous cases of *Allison v. Ovens*, supra, and *Gotthelf v. Fickett*, supra, and others which hold otherwise are hereby by this opinion expressly overruled." 107 Ariz. 180, 182, 484 P.2d 176, 178 (1971).

Clearly, the holding in *Bach* is a limited one, confined to cases where the trial court specifically found it would be detrimental to the health or well-being of the child to remain in the custody of the losing party pending appeal. *Bach* is authority for the proposition that a procedural rule should not be allowed to frustrate the legislative intent expressed in A.R.S. § 25–332, A, that the best interest of the child should prevail. *Bach* has no application to proceedings involving a landlord and tenant.

Respondents further contend that petitioners were tenants by sufferance, that petitioners were given a written demand for possession under § 12–1173(A), and that forcible detainer was a proper remedy.

However, the lease for apartments 105 and 106 was for a nursery school. The option to lease additional space was part of the same lease. Apartments 107 and 108 were leased as an adjunct to the nursery school. The lease was therefore a commercial lease, and the tenancies created therein are controlled by Title 33, Ch. 3, *Landlord and Tenant.*

Section 33–341(E) provides:

"A tenant who holds possession of property against the will of the landlord, except as provided in this section, shall not be considered a tenant at sufferance or at will."

Petitioner holds possession of the property under an admittedly bona fide lease of three years with options to renew. His lease is therefore not within the exceptions stated in § 33–341(E).

By § 33–361, when a tenant violates any provision of a lease, the landlord may re-enter, or commence an action to recover possession of the premises. The action shall be commenced and conducted as actions for forcible entry and detainer. However, A.R.S. § 33–361(C) provides that if the lower court renders judgment in favor of a plaintiff, defendant, in order to perfect an appeal, shall execute a bond to the opposite party to pay twice the value of the rent pending the appeal in the event judgment on appeal is against him. Accordingly, it is not necessary for petitioner to post a supersedeas in order to stay execution.

It is ordered that petitioner be permitted to file a bond with the lower court subject to the conditions of § 33–361(C) and that thereupon the court enter its order staying execution of the judgment.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.