647 P.2d 1147

**Joe TOVAR, Petitioner,**

**v.**

**The SUPERIOR COURT OF ARIZONA In and For the COUNTY OF MARICOPA, and Michael Flood, a Judge thereof; Jerry Hill, the Sheriff of Maricopa County, Arizona, Brophy College Preparatory, an Arizona non-profit corporation; and Roger T. Hargrove, Personal Representative of the Estate of Anastasia Nealon, also known as Anastasia Mercer, Deceased; and each of them, Respondents.**

**No. 16014–SA.**

Supreme Court of Arizona, En Banc.

June 28, 1982.

Joe Tovar, in pro. per.

Romley & Sherk, by Roger T. Hargrove, Phoenix, for respondents Brophy College Preparatory, Roger T. Hargrove, Anastasia Nealon aka Mercer.

FELDMAN, Justice.

This is a Special Action proceeding in which the petitioner seeks an order directing the superior court to grant his motion for a stay pending appeal and to quash the writ of restitution which had been issued by the clerk of said court. We accepted jurisdiction pursuant to Rule 8, Rules of Procedure for Special Actions, 17A A.R.S.

Petitioner is a tenant of the real parties in interest, Roger T. Hargrove, acting as personal representative of the estate of Anastasia Nealon, and Brophy College Preparatory, an Arizona non-profit corporation (respondents). Petitioner holds under an oral lease agreement which was declared to be enforceable in a previous decision of the court of appeals, *William Henry Brophy College v. Tovar*, 127 Ariz. 191, 619 P.2d 19 (App.1980). After that decision became final, petitioner became delinquent in his rent payments and respondents brought a forcible entry and detainer action, seeking termination of the lease and removal of the petitioner from the premises. By minute entry of December 10, 1981, the trial court determined that petitioner was guilty of forcible detainer and that respondents were entitled to immediate possession of the premises. The trial court therefore ordered that a writ of restitution be issued.

Petitioner then moved the court for a stay of the writ of restitution and for an order fixing bond pending appeal. That motion was made under the authority of A.R.S. § 12–1182, which in pertinent part reads as follows:

> A. In a forcible entry or forcible detainer action originally commenced in the superior court, an appeal may be taken ... as in other civil actions.
>
> B. *The appeal,* if taken by the party in possession of the premises, *shall not stay execution of the judgment unless the superior court so orders,* and appellant shall file a bond in an amount fixed and approved by the court, conditioned that appellant will prosecute the appeal to effect and will pay the rental value of the premises pending the appeal and all damages, costs, and rent adjudged against him by the superior court or the supreme court. [Emphasis supplied.]

The motion suggested that the bond should be set in the amount of taxable costs ($120.45). Respondents opposed the motion, arguing that a stay was discretionary and requesting the trial court to deny the stay. On April 5, 1982, the court entered an order denying petitioner's motion for a stay and fixing the bond on appeal "in the amount of $500.00 pursuant to A.R.S. § 12–1182."

Petitioner then filed this Special Action, claiming that the trial court acted in excess of its legal authority in denying the stay. Petitioner claims that when A.R.S. § 12–1182 is read in conjunction with A.R.S. § 33–361, we must conclude that upon a tenant's appeal from an order terminating possession of commercial property[1] in a forcible entry and detainer action, the trial court must set bond and grant a stay conditioned upon the tenant's compliance with the order fixing the bond. Respondents urge that we must decide the case upon the language of A.R.S. § 12–1182, without consideration of A.R.S. § 33–361, because the latter statute was not cited to the trial court. We disagree.

Although A.R.S. § 33–361 was not cited to the trial court, we cannot abolish it from the statute books, nor can we determine the propriety of the trial court's order by reading only part of the statutes applicable to appeals from an order terminating a tenant's right to commercial rental property.[2]

While A.R.S. § 12–1182 is worded in a manner which would justify an interpretation that the trial court has discretion to grant or deny a stay, A.R.S. § 33–361 leads us to a contrary conclusion. The latter statute provides as follows in relevant part:

A. When a tenant neglects or refuses to pay rent when due ... the landlord ... may re-enter and take possession, or ... commence an action for recovery of possession of the premises.

B. The action shall be commenced, conducted and governed as provided for actions for forcible entry or detainer ....

C. If judgment is given for the plaintiff, the defendant, in order to perfect an appeal, shall file a bond with the court in an amount fixed and approved by the court payable to the clerk of the superior court, conditioned that appellant will prosecute the appeal to effect and will pay the rental value of the premises pending the appeal and all damages, costs, and rent adjudged against him.

■ Subsection B leads us to the conclusion that A.R.S. § 12–1182, which is part of the statutes governing forcible entry and detainer actions, must be read in conjunction with § 33–361. Subsection C of the latter statute contemplates that "to perfect an appeal" the tenant "shall file a bond" with the clerk of the court. That bond is not the ordinary appeal or cost bond contemplated by Rule 10 of the Rules of Civil Appellate Procedure, 17A A.R.S., nor is it the type of supersedeas bond contemplated by Rule 7 of the same rules. The bond described by subsection C of § 33–361 is to be "conditioned that" the tenant "will pay the rental value of the premises pending the appeal and all damages, costs, and rent adjudged against him ...." A.R.S. § 12–1182(B).

■ We have previously held in *Makalla v. Superior Court*, 119 Ariz. 1, 579 P.2d 39 (1978), that an action brought by a landlord to recover possession of the premises is to be conducted as a forcible entry and detainer action and that if the trial court rules in favor of the landlord, the tenant may perfect an appeal by executing a bond pursuant to subsection C of § 33–361. We stated that "it is not necessary for [tenant] to post a supersedeas [bond] in order to stay execution" and ordered the trial court to stay execution of a judgment in favor of the landlord so as to permit the tenant to file a bond "subject to the conditions of § 33–361(C) ...." *Id.* at 3, 579 P.2d at 41.

We see no reason to depart from *Makalla*. Our reading of A.R.S. §§ 12–1182, 33–361[3] leads us to the conclusion that the legislative intent is that the tenant is entitled to possession pending appeal, subject to compliance with the statutes by filing a bond in an amount set by the court. In the event

1. Tenant operated an adult theatre on the premises.

2. Statutes pertaining to lessees' rights with respect to residential property are found in A.R.S. §§ 33–1301 to –1381.

3. A.R.S. § 33–361 has been revised since *Makalla*, but the revisions are not relevant to the issues presently before us.

the appeal is not prosecuted or is unsuccessful, the landlord is to obtain his recompense from the bond. The statutes contemplate that the bond shall be set in an amount sufficient to cover "rental value" and "all damages, costs, and rent."

We therefore hold that the trial court acted in excess of its jurisdiction in refusing to grant a stay and in failing to set a bond sufficient to "pay the rental value of the premises pending the appeal and all damages, costs, and rent adjudged against" the tenant. The order of April 5, 1982 is vacated and the case is remanded to the trial court with instructions to set bond in accordance with A.R.S. § 33–361(C) and to grant a stay conditioned upon the tenant's filing of such a bond.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS and CAMERON, JJ., concur.