801 P.2d 478

**L.M. JENKINS,**
**Plaintiff/Counterdefendant–Appellant,**

v.

**FIRST BAPTIST CHURCH OF SCOTTS-**
**DALE, Defendant/Counter-**
**claimant–Appellee.**

**No. 1 CA–CV 88–507.**

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 16, 1990.

Review Denied Dec. 18, 1990.

**244**

Barbara T. Brown, Phoenix, for plaintiff/counterdefendant-appellant.

Gaston & Snow by Matthew J. Yingling, Phoenix, for defendant/counterclaimant-appellee.

## OPINION

McGREGOR, Presiding Judge.

Appellant L.M. Jenkins (Jenkins) appeals from the judgment in favor of appellee First Baptist Church of Scottsdale (the Church), arguing that the evidence does not support the jury's verdict terminating a commercial lease between Jenkins and the Church and that the trial court abused its discretion in denying equitable relief to pre-

vent a forfeiture of Jenkins' interest in the lease. We do not reach these issues, however, because we lack jurisdiction over this appeal.

### I.

The Church owns real property located at 3922 North Scottsdale Road (the premises), which Jenkins leased for $300.00 per month. Under the terms of the lease, Jenkins also was responsible for paying the real property taxes as they became due. The lease provided that, if the lease were terminated for Jenkins' breach, upon proper notice, the Church would be entitled to immediate possession of the premises and all improvements thereon.

Jenkins failed to pay the rent due for June, July, August and September of 1986. On September 16, 1986, the Church sent a written notice of default to Jenkins, informing him that he was four months delinquent in rent and that the Church intended to terminate the lease if Jenkins failed to pay the arrearages. Jenkins then sent two months' rent to the Church. On October 1, 1986, another month's rent and the real property taxes for the premises became due. Another month's rent became due on November 1, 1986. Jenkins made none of those payments.

On November 4, 1986, the Church sent Jenkins a letter terminating the lease. When Jenkins tendered three months' rent on November 10, 1986, the Church refused to accept his tender on the ground that the lease had been terminated.

Jenkins filed a complaint in superior court seeking a declaratory judgment that the lease had not been terminated, and the Church counterclaimed seeking eviction and judgment for the rent arrearages. At the bifurcated trial, the jury considered the issue of termination of the lease and the court considered the issues of equitable relief and damages. The jury found that the lease had been terminated. The trial court denied equitable relief and awarded the Church damages in the amount of $346,215.17. Jenkins filed a timely notice of appeal.

## II.

When a commercial tenant fails to pay rent or violates any provision of the lease, the landlord may commence an action for recovery of the premises. *See* A.R.S. § 33–361.A. The landlord must commence and conduct the action under the forcible entry and detainer statutes, A.R.S. §§ 12–1171 through –1183. *See* A.R.S. § 33–361.B. A.R.S. § 33–361.C provides that, if judgment is entered for the landlord, the tenant

*in order to perfect an appeal, shall file a bond* with the court in an amount fixed and approved by the court payable to the clerk of the superior court, conditioned that appellant will prosecute the appeal to effect and will pay the rental value of the premises pending the appeal and all damages, costs, and rent adjudged against him.

(Emphasis added.) Jenkins failed to file a bond pursuant to section 33–361.C. The question before us is whether section 33–361.C makes the bond requirement jurisdictional.

■ The fundamental rule of statutory construction is to determine legislative intent. *State v. French*, 166 Ariz. 247, 248, 801 P.2d 482, 483 (Ct.App.1990). The best and most reliable evidence of a statute's meaning is its language. Language that is clear and unequivocal determines the statute's construction. *In re Pima County Juvenile Appeal No. 74802–2*, 164 Ariz. 25, 33, 790 P.2d 723, 731 (1990).

■ The language of section 33–361.C clearly and unambiguously states that the tenant must post the bond "in order to perfect an appeal." If the tenant wants to retain possession of the premises pending his appeal, he must comply with section 33–361.C. *See Tovar v. Superior Court*, 132 Ariz. 549, 551, 647 P.2d 1147, 1149 (1982); *Makalla v. Superior Court*, 119 Ariz. 1, 3, 579 P.2d 39, 41 (1978); *Lane v. Hognason*, 12 Ariz.App. 330, 333, 470 P.2d 478, 481, *supplemental opinion*, 13 Ariz. App. 120, 474 P.2d 839 (1970).

Arizona has long regarded the statutory appeal bond in forcible detainer actions as jurisdictional. In *Territory ex rel. Price v. Doan*, 7 Ariz. 89, 60 P. 893 (1900), the court held:

By the provisions of paragraph 2021 [now A.R.S. § 12–1179][1], the giving of a bond on appeal from the judgment of a justice court to the district court in case of forcible entry and detainer is made jurisdictional.... This court has repeatedly held that, where an appeal bond is made jurisdictional, the appellate court acquires no jurisdiction unless a bond be given in all respects, as to essential requirements, as provided by the statute, within the time limited for the giving of the bond.

*Id.* at 94–95, 60 P. at 894.

Although *Doan* involved an appeal from justice court to superior court, we find the *Doan* reasoning persuasive on this point. The statute requiring a bond on appeal to superior court, A.R.S. § 12–1179, is worded similarly to A.R.S. §§ 12–1182 and 33–361.C, the statutes requiring a bond on appeal to the appellate court. Furthermore, it would be illogical to conclude that the legislature intended to require a tenant to post a bond to appeal to superior court but not to appeal to this court. For those reasons, we conclude that the language of section 33–361.C discloses an intent to make the bond requirement jurisdictional.

Our analysis does not end here, however, because the rules governing civil appellate procedure potentially conflict with the plain language of section 33–361.C. Rule 8(a), Arizona Rules of Civil Appellate Procedure, provides:

An appeal or cross-appeal permitted by law from a superior court to an appellate court shall be taken by filing a notice of appeal.... *Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal,* but is a ground only for such action as the appel-

---

**1.** The statutes requiring appeal bonds in forcible detainer actions, A.R.S. §§ 12–1179 and –1182, must be read in conjunction with section 33–

361.C. *See Tovar v. Superior Court,* 132 Ariz. 549, 551, 647 P.2d 1147, 1149 (1982).

late court deems appropriate, which may include dismissal of the appeal.

(Emphasis added.) The language of rule 8(a) indicates that, because Jenkins timely filed his notice of appeal, he complied with all jurisdictional prerequisites to perfecting his appeal. We conclude, however, that rule 8(a) does not apply to the statutory bond requirement in forcible detainer actions.

■ The Arizona Supreme Court has authority to promulgate rules regulating pleading, practice and procedure. That authority, however, does not include power to promulgate rules that "abridge, enlarge or modify substantive rights of a litigant." A.R.S. § 12–109.A.

■ Forcible detainer is a purely statutory action, and "[t]he procedural provisions of the forcible detainer statute ... are an integral part of the right itself and are not solely procedural." *Hinton v. Hotchkiss*, 65 Ariz. 110, 116, 174 P.2d 749, 753 (1946). The predecessor statute of section 33–361 was enacted in 1901. In contrast, Rule 8(a) in its present form, providing that timely filing a notice of appeal is the only jurisdictional requirement, was not adopted until 1978. *See* Rule 8(a) comment, Arizona Rules of Civil Appellate Procedure. Because subsequently enacted rules of procedure cannot repeal substantive rights, rule 8(a) does not supersede the bond requirement of section 33–361.C. *See Hinton*, 65 Ariz. at 116, 174 P.2d at 754. For those reasons, we conclude that the mandatory statutory language of section 33–361.C is jurisdictional.

■ Jenkins also argues that, because he has filed an affidavit of inability to post a cost bond, he is not required to post a section 33–361.C bond. The section 33–361.C bond, however, "is not the ordinary appeal or cost bond contemplated by Rule

10 of the Rules of Civil Appellate Procedure." *Tovar*, 132 Ariz. at 551, 647 P.2d at 1149. Unlike Rule 10, Arizona Rules of Civil Appellate Procedure, section 33–361.C does not permit an appellant to file an affidavit in lieu of the appeal bond. Jenkins thus did not satisfy the requirements of section 33–361.C by filing his affidavit.

■ Jenkins next argues that he complied with the substance of the bond requirement of section 33–361.C by paying administrative rent in the amount of $300.00 per month pursuant to the order of the United States Bankruptcy Court.[2] Section 33–361.C, however, requires that the bond be

> conditioned that appellant will prosecute the appeal to effect and will pay *the rental value of the premises* pending the appeal and all damages, costs, and rent adjudged against him.

(Emphasis added.) The trial court found that the fair market rental value of the property is $17,750.00 per month. Because the administrative rent of $300.00 per month is substantially less than the rental value of the premises, Jenkins did not comply with the substance of section 33–361 by paying the administrative rent set by the bankruptcy court.[3]

### III.

■ The Church requests an award of attorneys' fees on appeal pursuant to A.R.S. § 12–341.01. We deny the Church's request because attorneys' fees are not available in commercial forcible detainer actions. *See DVM Co. v. Stag Tobacconist*, 137 Ariz. 466, 671 P.2d 907 (1983).

■ In the alternative, the Church requests an award of attorneys' fees pursuant to Rule 25, Arizona Rules of Civil Appellate Procedure, which permits an award

---

**2.** Jenkins filed a petition for bankruptcy reorganization in the United States Bankruptcy Court on July 18, 1988. *In re Jenkins*, No. 88–5515 PHX GBN (Bankr.D.Ariz.).

**3.** In response to Jenkins' unsupported assertion that bankruptcy law preempts the bond requirement, we note that the bankruptcy court's order granting the Church's request for administrative

rent expressly stated that "[n]othing contained herein shall be deemed a ... substitute for any bond required for any stay pending appeal" of the state court action. *In re Jenkins*, No. 88–5515 PHX GBN (Bankr.D.Ariz., April 28, 1989) (Order re First Baptist Church of Scottsdale's Application for Administrative Rent and Modifying Automatic Stay).

of fees "[w]here the appeal is frivolous or taken solely for the purpose of delay." Because we did not reach the substantive issues raised on appeal, we limit our consideration of this issue to the position taken by Jenkins on the question of whether section 33–361.C required him to file a bond. As to that issue, we conclude that Jenkins' argument was not frivolous.

## IV.

For the foregoing reasons, we find that we lack jurisdiction and therefore we dismiss this appeal.

SHELLEY and JACOBSON, JJ., concur.