346 P.3d 27

TRI CITY NATIONAL BANK, Petitioner,

v.

The Honorable Michael BARTH, Commissioner of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Commissioner,

Michael P. Grady; Jennifer A. Grady, Real Parties in Interest.

No. 1 CA–SA 14–0249.

Court of Appeals of Arizona, Division 1.

March 17, 2015.

Jaburg & Wilk, P.C., by Neal H. Bookspan, Laura Rogal, Phoenix, Counsel for Petitioner.

Politan & Associates, PLLC, by John R. Politan, Scottsdale, Counsel for Real Parties in Interest.

Judge PETER B. SWANN delivered the opinion of the court, in which Presiding Judge KENT E. CATTANI and Judge LAWRENCE F. WINTHROP joined.

## OPINION

SWANN, Judge:

¶ 1 Tri City National Bank ("TCNB") petitions for special action relief from the superior court's order granting Real Parties in Interest's ("the Gradys' ") motion for stay of execution of a Forcible Entry and Detainer ("FED") judgment, pending appeal of the superior court's order denying the Gradys' Motion to Set Aside Judgment. We accept jurisdiction and grant relief. We hold that because the Gradys are appealing a judgment denying their Motion to Set Aside, the trial court abused its discretion when it granted a stay of execution of a judgment other than the judgment being appealed, in violation of ARCAP 7.

## FACTS AND PROCEDURAL HISTORY

¶ 2 In 2008 the Gradys entered into a Note and Deed of Trust on their Paradise Valley home with TCNB's predecessor, Bank of Elmwood ("BOE"). The Gradys defaulted on their obligations and were notified of the default and advised on how to cure it in early 2009. The Gradys failed to cure the default and instead sued BOE and sought an injunction to prevent a trustee's sale of the property. Eventually the sale was allowed to go forward and TCNB became the owner of the property in October 2012 as the successful bidder at the sale. Shortly thereafter, TCNB demanded that the Gradys vacate the property, but they have yet to do so.

¶ 3 In November 2012, TCNB filed an action for FED pursuant to A.R.S. § 12–1173.01 to remove the Gradys from the prop-

erty. The Gradys eventually filed an Answer to TCNB's Complaint, alleging affirmative defenses relating to the propriety of the sale and title to the property. TCNB then filed a Motion for Judgment on the Pleadings, which the trial court granted. The Gradys appealed that final judgment to this court, and we affirmed. *Tri City Natl. Bank v. Grady*, No. 1 CA–CV 13–0077, 2014 WL 1117072 (Ariz. App. Mar.20, 2014) (mem. decision). The Supreme Court denied review in September 2014.

¶ 4 Meanwhile, the Gradys also filed a Petition for Special Action challenging the superior court's order denying their request for a stay of execution of the FED judgment pending appeal. It was in the resulting opinion that this court held A.R.S. § 12–1182(B) "requir[es] the superior court to stay execution of an FED judgment pending appeal when the party in possession posts a bond conditioned on prosecuting the appeal 'to effect' and in an amount sufficient to cover rental value and all awarded damages, costs, and rent." *Grady v. Barth*, 233 Ariz. 318, 322, ¶ 18, 312 P.3d 117 (App.2013).

¶ 5 Once the Supreme Court denied the Gradys' petition for review, TCNB requested that the trial court issue a Writ of Restitution, terminate the stay of execution of the FED judgment, and release the proceeds of the supersedeas bond to TCNB as the prevailing party on appeal. In response, the Gradys filed a "Motion for Abeyance of Proceedings and for Continuation of Supersedeas Bond or, In the Alternative, Motion to Set Aside Judgment." On October 16, 2014, the trial court denied the Gradys' motion in an unsigned minute entry and issued a final signed order granting TCNB's application for issuance of the Writ of Restitution, terminating the stay of execution of the FED judgment that was entered in May 2013, and releasing the bond proceeds.

¶ 6 Undeterred, the Gradys filed a Notice of Appeal from "the Order entered on October 16, 2014" in favor of TCNB. However, because the signed order entered on October 16, 2014, did not address the court's denial of the Gradys' Motion for Abeyance/Motion to Set Aside Judgment, the Gradys amended their notice of appeal and now appeal from

"the Order executed and entered nunc pro tunc on November 17, 2014 with the intent it be deemed effective as of October 16, 2014." The signed order entered on November 17, 2014, was the order denying the Gradys' Motion for Abeyance/Motion to Set Aside Judgment. The Gradys also filed a motion for stay of execution of the original FED judgment pending appeal of the order denying their Motion for Abeyance/Motion to Set Aside, which the trial court granted. The court found that it had no discretion to deny the stay under this court's decision in *Grady v. Barth*. TCNB then filed this Petition for Special Action arguing that the trial court did have discretion to deny the stay of execution of the FED judgment.

## JURISDICTION AND STANDARD OF REVIEW

¶ 7 We accept special action jurisdiction because TCNB does not have an equally plain, speedy, and adequate remedy by appeal and this case presents an issue of statewide importance. *Levinson v. Jarrett*, 207 Ariz. 472, 474, ¶ 5, 88 P.3d 186 (App.2004); *Montgomery v. Whitten*, 228 Ariz. 17, 19, ¶ 6, 262 P.3d 238 (App.2011).

¶ 8 TCNB has no equally plain, speedy, and adequate remedy by appeal. The order granting TCNB an FED judgment has already been upheld on appeal. With clean title, the fair market rental value of the property is $6,000 per month. However, because of the cloud on title the Gradys themselves created, the trial court discounted the rental value to $3,500, which is all the Gradys are required to pay toward the required bond. Put simply, the Gradys are receiving a continuing unjust benefit through procedural gamesmanship.

¶ 9 The issue TCNB raises is a pure question of law. In *Grady v. Barth*, we extended the holding in *Tovar v. Superior Court (Hill)*, 132 Ariz. 549, 647 P.2d 1147 (1982), and held that A.R.S. § 12–1182(B) requires the superior court to stay execution of an FED judgment pending appeal when a tenant at sufferance is in possession after a trustee's sale. 233 Ariz. at 322, ¶ 18, 312 P.3d 117. At issue in this special action is

whether the superior court abused its discretion when, by applying this court's decision in *Grady*, it ordered a stay of execution of a judgment not currently pending appeal.

■ ¶ 10 Because the decision to stay the execution of a judgment pending appeal is discretionary, we review the court's decision to grant a stay for abuse of discretion. *See Tonnemacher v. Touche Ross & Co.*, 186 Ariz. 125, 130, 920 P.2d 5 (App.1996) (holding that although the trial court did not have discretion to dismiss the action, it did have discretion to stay the action); *F.C.Y. Constr. & Equip. Co. v. Superior Court (Harrison, Inc.)*, 24 Ariz.App. 596, 597, 540 P.2d 722 (1975) (concluding that the trial court "in its discretion, may grant a stay").

## DISCUSSION

■ ¶ 11 Both the Gradys and TCNB exclusively argue whether the stay granted by the superior court was discretionary under ARPEA 17(c), A.R.S. §§ 12–1182 and 33–361 [1] and our decision in *Grady*. In our view, the real issue is whether the trial court had the authority to stay execution of a judgment not currently pending appeal. We hold that it did not.

¶ 12 In *Tovar* the Supreme Court held that "upon a tenant's appeal from an order terminating possession of commercial property in a forcible entry and detainer action, the trial court must set bond and grant a stay." 132 Ariz. at 551, 647 P.2d 1147 (footnote omitted). And in *Grady*, this court held that "the rule adopted in *Tovar*—that a tenant in possession may obtain a stay pending appeal by posting a bond meeting the requirements of A.R.S. § 12–1182(B)—applies with equal force to a tenant at sufferance who is in possession after a trustee's sale." 233 Ariz. at 321, ¶ 13, 312 P.3d 117. However, the Gradys' most recent appeal is not an appeal from the FED judgment—that appeal was

already decided by this court. Rather, the Gradys are appealing the trial court's order *denying* their Motion for Abeyance/Motion to Set Aside Judgment as a special order made after final judgment pursuant to Ariz. R. Civ. P. 60(c) and A.R.S. § 12–2101(A)(2). A stay of execution of the FED judgment was inappropriate here because a stay can only be granted of the judgment that is being appealed. Because the Gradys are appealing from the court's order denying their Motion for Abeyance/Motion to Set Aside, therefore, the trial court could only grant a stay of execution of *that* judgment. And a stay of the court's order denying the Gradys' Motion to Set Aside would not stay execution of the original FED judgment itself, nor would it allow the Gradys to remain in possession of the property—it would merely leave the motion pending.

¶ 13 The plain language of the rules and statutes governing stays of execution of judgment makes clear that a court's power to stay a judgment pending appeal extends only to the judgment being appealed. The governing rule here is ARCAP 7(b), which at the time this special action was commenced provided that "[w]hen a supersedeas bond, as stipulated or as ordered by the court, is filed, and all other conditions imposed by the court have been complied with, the execution *of the judgment appealed from* and all further proceedings thereon shall be stayed." (Emphasis added.) [2] Furthermore, A.R.S. § 12–1182 provides that in an FED action, "[t]he appeal, if taken by the party in possession of the premises, shall not stay execution of the judgment unless the superior court so orders." This language does not refer to a stay of any judgment beyond the FED judgment itself.

¶ 14 The trial court only had the authority to stay execution of the judgment on appeal, and the judgment on appeal is the court's order denying the Gradys' Motion for Abey-

---

1. Because TCNB's FED action against the Gradys did not arise out of a landlord-tenant dispute, A.R.S. § 33–361 is not applicable here. *See Grady*, 233 Ariz. at 321, ¶ 13, 312 P.3d 117.

2. After TCNB filed this petition, ARCAP 7(b) was amended and now provides, "If an appellant files a supersedeas bond as stipulated or as ordered by the superior court, and if the appellant has

complied with all other conditions imposed by the superior court, then this Rule automatically stays enforcement of, and execution on, the judgment and all proceedings related to the execution on the judgment." ARCAP 7(b)(1). However, this change was not substantive and does not affect the outcome of this special action.

ance/Motion to Set Aside. There was no procedural avenue available for the trial court to stay execution of the FED judgment that was already upheld on appeal, and the court erred in doing so.

## CONCLUSION

¶ 15. For the reasons set forth above, we accept jurisdiction and grant relief.