506 P.2d 1108

BOARD OF TRUSTEES OF MARY E. DILL SCHOOL DISTRICT NO. 51 OF PIMA COUNTY and Anita Lohr, Superintendent of Pima County Schools, Appellants,

v.

BOARD OF EDUCATION OF SAHUARITA HIGH SCHOOL, DISTRICT NO. 30, OF PIMA COUNTY, Appellee.

No. 2 CA–CIV 1295.

Court of Appeals of Arizona, Division 2.

March 8, 1973.

Rehearing Denied April 4, 1973.

Review Denied May 1, 1973.

Dennis DeConcini, Pima County Atty., Rose Silver, former Pima County Atty. by Lawrence Ollason, Sp. Deputy County Atty., Tucson, for appellants.

Gary K. Nelson, Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Phoenix, for appellee.

KRUCKER, Judge.

Sahuarita School District No. 30, appellee herein, filed an action for a declaratory judgment against the Board of Trustees of Mary E. Dill School District No. 51 and Anita Lohr, Superintendent of Pima County Schools, alleging indebtedness to appellee in the sum of $602.67. Appellant, Mary E. Dill School District No. 51, defendant below, does not have a high school within its district and does not offer any high school courses. In the school year 1967–68, two students, John and Raymond Briggs, were residents in the Mary E. Dill School District. As there were no high school facilities within the district, the Briggs had to attend a high school in another district and they selected Sahuarita High School. There was no agreement between the two school districts as to their attendance and no certificate of educational convenience was issued by the Mary E. Dill School District authorizing the Briggs' attendance. The two students attended Sahuarita High School for 119½ days and the per capita cost for their attendance was $1,795.81. Sahuarita High School District charged the Mary E. Dill District $1,191.42 for the attendance of the two students in 1967–68. Appellants paid $588.75 of that amount and the remainder, $602.67, is the subject of this controversy. This amount represents the excess cost of a student attending Sahuarita High School as opposed to a student attending a Sunnyside or Tucson District No. 1 high school.

A judgment was entered in favor of appellee which ordered the County Superin-

tendent of Schools to draw a warrant on the County Treasurer in favor of Sahuarita High School District No. 30 in the amount of $602.67, payable from the funds of Mary E. Dill School District No. 51, Pima County Arizona.

The questions for determination by this court are (1) Whether a student who lives in a school district which has no high school and offers no high school courses may arbitrarily select which high school he shall attend with the approval of the resident school district, and (2) What is the proper amount of tuition that must be paid in such cases?

The pertinent statute applicable to this situation is A.R.S. § 15–449, as amended, which reads in part:

"§ 15–449. Admission of pupils of other districts; tuition charges.

A. The board of trustees of a common or high school shall admit pupils from another district or area as follows:

\* \* \* \* \* \*

2. To a high school without presentation of such certificate, if the pupil is a resident of a common school district within the state which has neither a high school nor a school in which high school subjects are taught. Attendance of such pupils shall be deemed, for the purpose of determining average daily attendance, and for apportionment of state and county aid to be attendance in the district of the pupil's residence.

\* \* \* \* \* \*

D. Tuition shall be charged for all pupils attending school in a district other than that of their residence, as provided in subsections A and B, and shall be determined and paid in the following manner:

1. The tuition for pupils attending school in a district other than that of their residence, except pupils provided for by § 15–304, subsections B and C, shall be the per capita cost of the school district attended, as determined for the current school year, and described in §

15–1201 as permissible operational expenditures per pupil per annum for the present fiscal year plus an additional sum for capital outlay, not to exceed one hundred dollars per pupil, per annum, to be determined by the school district attended and prorated on the average daily attendance of the tuition student. A claim for tuition shall be presented against the district of residence through the county superintendent, who shall draw a warrant on the county treasurer in favor of the district of attendance and shall be paid from the funds of the district of residence."

The cost of attending Sahuarita High School, because of a smaller tax basis, is more than the cost of attending Sunnyside High School or a Tucson District One High School, and appellants contend that the Briggs boys or their parents could not arbitrarily select a high school they wanted to attend (Sahuarita) without the consent of the Mary E. Dill School District, and, consequently, that District should not be subjected to the additional cost of attending Sahuarita High School.

Appellant school district relies on the case of City of Phoenix v. Donofrio, 99 Ariz. 130, 407 P.2d 91 (1965) and State v. Stockton, 85 Ariz. 153, 333 P.2d 735 (1958). It claims that there is an ambiguity in the statute and that the court must read into the statute a requirement of consent of the school district paying the cost of students attending high school in another district.

We are of the opinion that A.R.S. § 15–449, as amended, is perfectly clear and unambiguous and therefore it is the duty of the legislature and not this court to amend the existing statute. No judicial construction is necessary to interpret the language which can only lead to one meaning. In Kilpatrick v. Superior Court, 105 Ariz. 413, 466 P.2d 18 (1970), the court stated:

"There is no magic in statutory construction and no legal legerdemain should be used to change the meaning of simple English words so that the result-

ing interpretation conforms the statute to the sociological and economic views of judges or lawyers. Words are to be given their usual and commonly understood meaning unless it is plain or clear that a different meaning was intended." 456 P.2d at 26.

Under the statute in question, there is no requirement that a certificate of convenience issue to the Briggs in order for them to attend Sahuarita High School or any other high school. Under the statute, the Briggs boys could attend any high school of their choosing.

Appellants claim that this method is arbitrary and deprives the district of the right to select the school, but the appellee, under the statute, has no such "right" and the court should not substitute its judgment for that of the legislature.

The judgment is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.