700 P.2d 1378

**FLOWING WELLS SCHOOL DISTRICT, Plaintiff/Appellee,**

v.

**VAIL SCHOOL DISTRICT, Defendant/Appellant.**

**No. 2 CA–CIV 5170.**

Court of Appeals of Arizona, Division 2.

Jan. 14, 1985.

Review Denied April 2, 1985.

279

Slutes, Sakrison, Grant & Pelander, P.C. by Tom Slutes and Kathleen B. Corey, Tucson, for plaintiff/appellee.

Clinton L. Liechty, Tucson, for defendant/appellant.

## OPINION

BIRDSALL, Chief Judge.

Appellant Vail School District appeals from denial of its motion for a new trial following an adverse judgment in Pima County Superior Court in a declaratory judgment action brought by appellee Flowing Wells School District. The matter was submitted to this court on, stipulation of facts, as it was to the court below. The stipulated facts are as follows:

1. Both parties are duly organized school districts in the State of Arizona, within Pima County.

2. Vail School District has no high school and its students must attend another district for their secondary education.

3. Vail School District furnishes transportation for its secondary students to Santa Rita High School, which is in Tucson Unified School District, a neighboring dis-

trict, but the Vail district does not provide transportation for secondary students to other districts, such being found by the board not to be in the district's best interest.

4. A number of high school students living in the Vail School District have chosen to attend high school in the Flowing Wells School District. The Flowing Wells district has furnished transportation to those students and is still doing so. The Flowing Wells district sent a statement for the tuition, plus transportation costs, to the Vail School District, but the Vail School District paid only the tuition charges and not the transportation costs.

The suit brought by Flowing Wells was for a declaratory action seeking to find Vail liable for the transportation costs. The judgment of the trial court is reprinted in large part herein:

> "[T]he Court having considered the stipulated facts, the trial brief, the oral argument, and the exhibits submitted in evidence, the Court does find in favor of the plaintiff and against the defendant. Therefore, it is
>
> ORDERED, ADJUDGED AND DECREED that judgment be entered in favor of the plaintiff, FLOWING WELLS SCHOOL DISTRICT, and against the defendant, VAIL SCHOOL DISTRICT NO. 20, declaring that the defendant school district is liable to the plaintiff school district for the cost of transportation actually furnished to students residing in the defendant school district who attended school in the plaintiff school district since the fall term of 1982;
>
> IT IS FURTHER ORDERED that the defendant school district shall be liable for any future transportation costs incurred by the plaintiff school district for students residing in the defendant school district who attend school in the Flowing Wells School District."

■ It is uncontroverted that a student from a common school district not having a high school or teaching high school subjects may select any high school of his or her choosing for attendance · purposes.

*Board of Trustees of Mary E. Dill School District v. Board of Education of Sahuarita High School,* 19 Ariz.App. 323, 506 P.2d 1108 (1973), decided by this court. The issue rests in the determination of who is responsible for paying transportation of the student to the chosen school. Appellee Flowing Wells argues that the statutes permit a charge in addition to the normal tuition charge to the "sending" school district for such transportation. Appellant Vail argues that the decision on whether such transportation will be provided at the district's expense is one to be made by that district and having made the decision not to provide transportation, such charges cannot be imposed upon them by another district.

■ Some introductory observations are necessary. We recognize the much-repeated requirement that a board or commission which is a creation of a statute created for a special purpose has only limited powers and it can exercise no powers which are not expressly or impliedly granted. *Olmsted & Gillelen v. Hesla,* 24 Ariz. 546, 211 P. 589 (1922); applied to school district governing boards in *Oracle School District No. 2 v. Mammoth High School District No. 88,* 130 Ariz. 41, 633 P.2d 450 (App.1981).

We further observe that one statute pertinent to our consideration, A.R.S. § 15–824, is derived in part from former § 15–449. In *Mary E. Dill School District,* supra, we stated that § 15–449 was clear and unambiguous and therefore no judicial construction was necessary to interpret its language. We find that § 15–824 has now been changed in significant degree from former § 15–449 so that our earlier declaration need not apply to the statute in its present form.

As noted, A.R.S. § 15–824 makes provision for admission of pupils into one district from another district. The pertinent provisions enable such acceptances and specify the tuition charges to be paid by the district of residence to the district of attendance.

"A. The governing board of a school district shall admit pupils from another school district or area as follows:

*   *   *   *   *   *

2. To a high school without the presentation of such certificate, if the pupil is a resident of a common school district within this state which has neither a high school nor a school in which high school subjects are taught. The school membership of such pupils is deemed, for the purpose of determining student count and for apportionment of state aid, to be enrollment in the school district of the pupil's residence.

*   *   *   *   *   *

D. ... [T]uition shall be charged for all pupils attending school in a school district other than that of their residence and shall be determined and paid in the following manner:

1. The tuition for pupils attending school in a school district other than that of their residence, ... shall not exceed the cost per student count of the school district attended, as determined for the current school year. The school district of attendance shall not include in the cost per student count a charge for transportation if no transportation is provided.

*   *   *   *   *   *

E. For the purposes of this section, 'costs per student count' means the sum of the following for the ... high school portion of the school district attended, ...

1. The actual school district expenditures for the regular educational program subsection of the maintenance and operation section of the budget divided by the school district's student count for the ... high school portion of the school district, ...

2. The actual school district expenditures from revenue produced by the school district for the capital outlay portion of the budget ... excluding expenditures for transportation equipment and buildings if no transportation is provided

and expenditures for the acquisition of building sites,....

3. The total amount of bond issues or portion of bond issues outstanding, including the total amount of interest...."

In determining what charges are allowed in the "costs per student count" the statute limits the amount to one subsection of the maintenance and operation section of the budget plan, the educational program subsection. In referring to the budget format prescribed for all school districts, § 15–903(B) states in part:

"The budget format shall contain distinct sections for, but need not be limited to, maintenance and operation, property taxation, debt service, special projects, capital levy, capital outlay and adjacent ways. The maintenance and operation section shall include, but need not be limited to, separate subsections for regular educational programs, special educational programs and operational expenditures for pupil transportation.

*   *   *   *   *   *

2. The pupil transportation subsection shall include all operational expenditures relating to the transportation of pupils, including all operational expenditures within a contract if the school district contracts for pupil transportation."

Section (C) states:

"The capital outlay section shall include, but need not be limited to, distinct subsections for capital projects, capital items and capital expenditures for pupil transportation, including all capital expenditures within a contract if the school district contracts for pupil transportation.

*   *   *   *   *   *

3. The pupil transportation subsection of the capital outlay section shall include expenditures for vehicles and equipment related to transportation of pupils."

From an exhaustive analysis of these statutory sections and their legislative history, both sides draw opposite conclusions concerning the intent of the legislature for transportation of students from outside a district. Appellee, in tracing the history of

the statutes and their predecessors, suggests that the state has had a long and satisfying history of providing for transportation of pupils from a district without a high school into any district providing a high school. Thus the appellee concludes the failure of the present statute, which was amended in 1981 and is thus applicable to the period for which transportation charges are sought, to include the pupil transportation subsection of the maintenance and operation section, is mere oversight remedied by the implications of that portion which reads that no charge shall be made for transportation if no transportation is provided.

On the other hand, appellant traces the statutes to a different result, that the separation of pupil transportation from pupil education is discernable in the legislative intent through the years and the decision whether or not to provide transportation is to be made by the sending school district. It cites A.R.S. § 15–342(13) (now § 342(12)) as support for this contention. That section states:

"The governing board may:

\*　　\*　　\*　　\*　　\*　　\*

13. Provide transportation for any child or children if deemed for the best interest of the district, whether within or without the district, county or state."

Appellant therefore contends that having made a decision that transportation of the students to Santa Rita High School was in the best interest of the district, and transportation of the students to any other district was not, it was a usurpation of its power for another district to charge the district for that transportation. We agree.

Appellee argues that to permit a common school district without a high school to abdicate its responsibility in transporting high school students to another district leaves the students with no remedy other than providing their own transportation. This is not the case. A.R.S. § 15–1002 states:

"A. The special county school reserve fund may be used only for:

\*　　\*　　\*　　\*　　\*　　\*

3. Transportation to and from the nearest high school of pupils residing in common school districts which are contiguous or not contiguous to and which are not within a high school district, if it is determined by the county school superintendent that such common school districts are in need of such aid."

While payment for such transportation is not made mandatory upon the county school reserve fund, it clearly is provided to remedy the situation appellee envisions.

Appellee further argues that limiting transportation to only one high school as Vail has done in the case of Santa Rita High School could arguably limit its high school students to an inferior education. No evidence suggests this. Even if this were appellee's contention, it does not have standing to make that argument in this case. Attorney General Opinion I80–153 (R80–148) has stated: "Unless there is a statute mandating that a school board provide transportation, it has no duty to do so except, perhaps, in the rare circumstance where the failure to provide the transportation will deprive a child of even a minimal education."

Finally, appellee argues that the clear implication of the language of § 15–824(D), "The school district of attendance shall not include in the cost per student count a charge for transportation if no transportation is provided," is that the converse is also true, that if transportation is provided by a school district it may be charged to the cost per student count of the school district of residence, regardless of which district has decided it is in the best interest of the district that transportation be provided. We cannot find statutory justification for this conclusion. We believe that the language is included for another purpose, and one that is statutorily provided. A.R.S. § 15–923(A) provides:

"As an alternative to maintaining and operating a transportation program or in conjunction with a transportation program, a school district may, if it is found to be economically advantageous, contract for transportation. Contracts may be with another political subdivision, a common or contract carrier or a private party."

█ We believe that in formulating § 15–824(D), the legislature was envisioning just such a situation, a common school district sending students to a nearby high school district and finding it economically advantageous to contract with the district of attendance for transportation of the pupils. Clearly a district of attendance not providing such transportation should not be permitted to charge the sending district as though such a contract existed, hence the language of § 15–824.

In sum, we do not find any express statutory language permitting Flowing Wells district to charge Vail district for transporting Vail high school students to Flowing Wells. Nor do we find an inevitable implication that such charges are permissible. Absent such statutory authority, common sense dictates that when high school students in a district without a high school may attend any high school district in the state, it would be impossible for the sending district to transport large numbers of pupils, each to a different high school. Nor would it be economically possible for the district to pay each of those high school districts to come into the district for the purpose of transporting only one student, yet this is the logical conclusion of appellee's argument.

Although not necessary to our decision, we cite with approval Attorney General Opinion I81–029 (R80–262). In answer to the query whether a school district may legally send a school bus into other districts' territory for the purpose of acquiring and educating students who are not residents of the receiving school (district), the attorney general stated that given A.R.S. § 15–442.A.6, (now § 15–342(12)), wherein the governing board is given discretion to provide transportation for any child when deemed for the best interest of the district,

"we believe that should a district decide to admit out-of-district residents, it may provide transportation to such students if it deems this to be in the best interests of the district."

The opinion goes on to state that a school district determination that such transportation of out-of-district students is in its best interests does not necessarily work an unconstitutional burden on the taxpayers of the school district of attendance.

█ The opinion further states that the receiving district may not receive state aid for transportation of the out-of-district students. Statutory support for this conclusion is found in A.R.S. § 15–922 which states in part:

"A. Each school district shall within twelve days after the first one hundred days in session certify to the superintendent of public instruction the following:

1. The daily route mileage of the school district in the current year.

2. The number of eligible students during the current year."

A.R.S. § 15–901(A)(9) defines eligible students as

"(a) Students transported by or for a school district who qualify as full-time students or fractional students and:

\* \* \* \* \* \*

(ii) For high school students, those whose place of actual residence within the school district is greater than one and one-half miles from the school facility of attendance."

Thus to be an eligible student for purposes of supervision and provision of pupil transportation services by the superintendent of public instruction, a high school student is counted only when his or her actual residence is within the school district. There is no suggestion in the attorney general's opinion that the receiving school district may properly charge the sending district for the provided transportation, and absent

a contractual basis for such charges, we do not find a statutory provision permitting them. The judgment of the lower court is reversed.

HOWARD and HATHAWAY, JJ., concur.