916 P.2d 1146

**Cheryl ROSS, Plaintiff–Appellant,**

v.

**ARIZONA STATE PERSONNEL BOARD, Defendant–Appellee.**

No. 1 CA–CV 94–0238.

Court of Appeals of Arizona, Division 1, Department D.

Dec. 14, 1995.

Review Denied May 21, 1996.

Ward, Keenan & Barrett, P.C. by Gerald Barrett, Phoenix, for plaintiff-appellant.

Craig Mousel, Phoenix, for defendant-appellee.

## OPINION

LANKFORD, Judge.

The issue presented in this appeal is whether the State Personnel Board ("the Board") has jurisdiction to review a State employee's claim that she has been forced out of her job by a falsified resignation. Because we hold that the Board has jurisdiction to determine whether the employee was dismissed or resigned, we reverse the superior court's dismissal of the complaint.

For purposes of this appeal, it is undisputed that appellant Cheryl Ross was employed as a field officer on a full-time basis with the Department of Transportation. In a stressful moment at work, Ross told her superiors, "I give up. I quit." She maintains that she did not intend to resign from her employment, but only to express her intent to quit

working on a particular project. Her superiors nevertheless told her that she could not return to work because her resignation had been accepted.

Ross wrote the Board to appeal what she called her "dismissal." The Board responded to Ross by letter stating that it did not have jurisdiction to resolve the dispute. Ross retained counsel, who again wrote the Board, but the Board again stated that it did not have jurisdiction.

The Board's second letter to Ross explained that the statutes defining the Board's jurisdiction did not allow it to intervene in a personnel matter unless an employer first sent the Board a copy of a disciplinary action letter showing the employer's reason for disciplining the employee. Because Ross had allegedly resigned, her employer had not drafted a disciplinary action letter, so the Board did not believe it had jurisdiction to hear Ross' complaint.

Ross appealed to the superior court. That court held that the Board had no jurisdiction over her claim because the Board's jurisdiction was limited to review of "agency actions" and the Department of Transportation had not taken any action. We have jurisdiction to review the superior court's final judgment of dismissal. Ariz.Rev.Stat.Ann. ("A.R.S.") § 12–2101(B) (1994).

The issue whether the Personnel Board had jurisdiction is determined by examining A.R.S. section 41–782(A) (1992), which provides that "[t]he personnel board shall hear and review appeals ... relating to dismissal from state service ... resulting from disciplinary action as defined in the personnel rules."

■ The Board's jurisdiction must derive expressly or implicitly from section 41–782. *See Flowing Wells School Dist. v. Vail School Dist.*, 145 Ariz. 278, 280, 700 P.2d 1378, 1380 (App.1985). Whether section 41–782 empowers the Board to address Ross' administrative claim is a question of law which we review de novo. *See Parker v. Vanell*, 170 Ariz. 350, 351, 824 P.2d 746, 747 (1992) (questions of statutory interpretation are reviewed de novo by appellate courts).

■ The Board's first argument against taking jurisdiction is that there has been no "dismissal" as that term is used in section 41–782. But it has yet to be determined whether there has been a "dismissal." If Ross resigned, there was no dismissal and the Board lacks jurisdiction. If, on the other hand, her resignation was fabricated, or if her employer was mistaken in believing Ross resigned, then there has been a dismissal.[1]

■ We hold that the Board has the power and the duty to determine its own jurisdiction. The Board must decide whether Ross resigned or was dismissed. That finding is necessary for the Board to assess its own jurisdiction.

■ "[A]n administrative agency has the power ... to determine its jurisdiction, and whenever authorized to act upon the existence of a certain state of facts, it has jurisdiction to determine the existence or nonexistence of the requisite facts." 73 C.J.S., Public Admin.Law and Proc. § 64 at 535 (1983); *see also* 2 Am.Jur.2d, Administrative Law, § 277 at 294 (1994) ("An administrative agency generally may and must determine whether it has jurisdiction in a particular situation."). Assessing the National Labor Relations Board's power, the Arizona Supreme Court recognized long ago that "[e]very tribunal has the power to hear and determine its own jurisdiction." *United Ass'n of Journeymen v. Marchese*, 81 Ariz. 162, 168, 302 P.2d 930, 934 (1956).

■ The Board's second argument is that it has no jurisdiction because there has been no "disciplinary action." As noted, A.R.S. section 41–782(A) allows the Board to hear

---

1. Ross argues that we have implicitly recognized a cause of action for constructive dismissal. *See, e.g., Montoya v. Law Enforcement Merit System Council*, 148 Ariz. 108, 110, n. 4, 713 P.2d 309, 311 n. 4 (App.1985). We need not address that argument here. "Constructive discharge occurs when the employer's conduct effectively forces an employee to resign." *Turner v. Anheuser-*

*Busch, Inc.*, 7 Cal.4th 1238, 1244, 32 Cal.Rptr.2d 223, 876 P.2d 1022, 1025 (1994). The doctrine of constructive dismissal is inapplicable in this case because Ross does not claim that her employer forced her to resign. Instead, her claim is that she did *not* resign, but that her supervisors either mistook her statements as a resignation or falsified her resignation.

appeals of dismissals "resulting from disciplinary action as defined in the personnel rules."

Although section 41–782(A) refers to disciplinary actions "as defined in the personnel rules," the rules do not contain a definition of the term "disciplinary action." Instead, the rules contain an article titled "Disciplinary Actions" that provides procedures for suspending, demoting or dismissing an employee. *See* A.A.C. R2–5–801 (suspension); A.A.C. R2–5–802 (demotion); A.A.C. R2–5–803 (dismissal).

The Board claims that its jurisdiction is limited to situations where the employer initiates a disciplinary action by formally notifying the employee in writing of the charges against her as required by A.A.C. R2–5–803. The Board's argument is that the personnel rules define "disciplinary action" in terms of the procedures that must be followed before an employee may be dismissed so that there has been no "disciplinary action" if the dismissal was not made in the manner required by the personnel rules.

We cannot agree that an employee's right to appeal to the Board is conditioned on the employer's compliance with the personnel rules. If we were to agree with the Board's position, we would hold in effect that the employer may negate an employee's right to the administrative remedy of an appeal to the Board merely by failing to do that which the personnel rules require.

Finally, we cannot agree with the Board that it is unable to determine whether an employee actually resigned or was dismissed. The Board hears testimony, resolves credibility issues and acts as a factfinder in reviewing dismissals. *Cf. Evans v. State ex rel. Arizona Corporation Commission,* 131 Ariz. 569, 574, 643 P.2d 14, 19 (App.1982), *cert. denied,* 459 U.S. 808, 103 S.Ct. 33, 74 L.Ed.2d 46 (1982) (hearing officer appointed by the Personnel Board heard testimony and made findings of fact). The Board would act in the same capacity in deciding whether a dismissal had actually occurred. Making this determination would not require any departure from the Board's usual fact-finding functions.

We hold that the Board has jurisdiction to determine its own jurisdiction by deciding whether Ross actually resigned or her employer fabricated her resignation or mistakenly believed she had resigned. We therefore reverse the superior court's judgment and remand with directions to refer this matter back to the Board.

GARBARINO, P.J., and SULT, J., concur.