41 P.3d 645

**RUTH FISHER ELEMENTARY SCHOOL DISTRICT, Plaintiff–Appellee,**

v.

**BUCKEYE UNION HIGH SCHOOL DISTRICT, Defendant–Appellant.**

No. 1 CA–CV 01–0133.

Court of Appeals of Arizona, Division 1, Department D.

March 12, 2002.

---

Udall, Shumway, Blackhurst, Allen & Lyons, P.C., Mesa, By Patricia K. Husbands, for Appellee.

Hufford, Horstman, Mongini, Parnell & McCarthy, P.C., Flagstaff, By Patrice M. Horstman and James S. Manlowe, for Appellant.

## OPINION

GARBARINO, J.

¶ 1 For favorable funding purposes, appellant Buckeye Union High School District (Buckeye) enrolled high school students residing in appellee Ruth Fisher Elementary School District (Fisher) as open enrollment students rather than as tuition students. In an action seeking clarification filed by Fisher,

the trial court ruled that Buckeye must enroll Fisher students as tuition students. We hold that the open enrollment tuition policies outlined in Arizona Revised Statutes (A.R.S.) section 15–816.01 (Supp.2001) do not apply to high school students living in a common school district [1] that is not within a high school district. We therefore affirm the ruling of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Fisher is a common school district that offers instruction for students in kindergarten through eighth grade. Fisher does not have a high school within its district. Many high school students living in Fisher attend Buckeye Union High School as tuition students. *See* A.R.S. § 15–824 (Supp.2001). Fisher pays the tuition for those students, and they are counted as Fisher students for apportionment of state education aid.

¶ 3 In the spring of 2000, a dispute arose between Fisher and Buckeye concerning the amount of tuition owed by Fisher. By the end of the summer, the districts still had not resolved the dispute.

¶ 4 As a result, in September 2000, Buckeye notified Fisher and parents of Fisher students attending Buckeye Union High School that it would accept those students as open enrollment students, rather than as tuition students. Buckeye advised the parents of Fisher students that in order to avoid future tuition disputes, parents could enroll their high school students under the state open enrollment laws and Buckeye's revised open enrollment policy, which gave priority to Fisher students over other nonresident students. They further advised the parents that students enrolled as open enrollment students would receive bus transportation from Buckeye, rather than from Fisher, and would be counted as Buckeye students for purposes of state education funding. The parents of seventeen Fisher high school students enrolled their children at Buckeye Union High School under the open enrollment policy. Approximately one hundred Fisher high school students continued their place-

ment at Buckeye Union High School as tuition students.

¶ 5 Fisher filed an action requesting the court to declare that A.R.S. § 15–824(A)(2) compels Buckeye to admit and charge tuition for all Fisher students electing to attend Buckeye Union High School. Fisher also requested the court to declare that Fisher students attending Buckeye Union High School remain Fisher students for the apportionment of state aid. Fisher further requested the court to enjoin Buckeye from 1) encouraging parents of Fisher students to sign up for open enrollment, 2) sending Buckeye Union High School buses into Fisher to transport students attending Buckeye Union High School, and 3) claiming average daily membership (ADM) for Fisher students.

¶ 6 Both parties filed motions for summary judgment. The trial court granted Fisher's motion, concluding that the open enrollment provisions of A.R.S. § 15–816.01 do not apply to Fisher students who are eligible to attend Buckeye Union High School as tuition students under A.R.S. § 15–824(A)(2). Buckeye timely appealed from the judgment. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (1994).

## DISCUSSION

¶ 7 Buckeye argues that the plain language of Arizona's open enrollment statutes does not prevent Fisher students from enrolling as either open enrollment or tuition students at their discretion. We disagree.

¶ 8 The statute providing for admission of tuition students, A.R.S. § 15–824, was enacted before A.R.S. § 15–816.01. Arizona Revised Statutes § 15–824 provides, in relevant part, as follows:

A. The governing board of a school district shall admit pupils from another school district or area as follows:

. . . .

2. To a high school without the presentation of such certificate [of educational convenience], if the pupil is a resident of a

---

1. "'Common school district' means a political subdivision of this state offering instruction to students in programs for preschool children with disabilities and kindergarten programs and grades one through eight." A.R.S. § 15–901(A)(4) (Supp.2001).

common school district within this state which is not within a high school district and which does not offer instruction in the pupil's grade. Tuition shall be charged as prescribed in subsection E of this section for each pupil admitted pursuant to this paragraph .... The school membership of such pupils is deemed, for the purpose of determining student count and for apportionment of state aid, to be enrollment in the school district of the pupil's residence.

A.R.S. § 15–824(A)(2).

¶ 9 "Open enrollment" is defined as "a policy adopted and implemented by a school district governing board to allow resident transfer pupils to enroll in any school within the school district, to allow resident pupils to enroll in any school located within other school districts in this state and to allow nonresident pupils to enroll in any school within the district pursuant to § 15–816.01." A.R.S. § 15–816(2) (Supp.2001). A "nonresident pupil" is a student "who resides in this state and who is enrolled in or is seeking enrollment in a school district other than the school district in which the pupil resides." A.R.S. § 15–816(1).

¶ 10 Under A.R.S. § 15–816.01(A), school district governing boards are required to establish and implement open enrollment policies that allow nonresident students to enroll without paying tuition. This statute also provides that tuition may be charged to nonresident students only when tuition is authorized under certain delineated statutes. One such statute is A.R.S. § 15–824(A). A.R.S. § 15–816.01(A).

¶ 11 Arizona Revised Statutes §§ 15–816.01 and 15–824 both allow students to attend schools outside the districts in which they reside. We must determine if the legislature intended to grant to students in common school districts that are not within high school districts the liberty to choose to enroll in high schools as either students whose tuition is paid by their home district or as open enrollment students for which no tuition is charged.

■ ¶ 12 When we interpret the meaning and application of related statutes, we keep in mind that "[i]f reasonably practical, a statute should be explained in conjunction with other statutes to the end that they may

be harmonious and consistent." *State ex rel. Larson v. Farley,* 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970). The *Larson* court further explained the method of construing related statutes:

> If the statutes relate to the same subject or have the same general purpose—that is, statutes which are in pari materia—they should be read in connection with, or should be construed together with other related statutes, as though they constituted one law. As they must be construed as one system governed by one spirit and policy, the legislative intent therefor must be ascertained not alone from the literal meaning of the wording of the statutes but also from the view of the whole system of related statutes. This rule of construction applies even where the statutes were enacted at different times, and contain no reference one to the other ....

*Id.* When statutes concern the same subject matter and the later enactment does not expressly repeal or amend the former, the later statute is deemed to have been enacted in accord with the legislative policy contained in the earlier statute. *Hibbs ex rel. Ariz. Dep't of Revenue v. Chandler Ginning Co.,* 164 Ariz. 11, 16, 790 P.2d 297, 302 (App.1990).

■ ¶ 13 Section 15–824 provides for the admission of students from one district to another district. *Flowing Wells Sch. Dist. v. Vail Sch. Dist.,* 145 Ariz. 278, 280, 700 P.2d 1378, 1380 (App.1985). "It is uncontroverted that a student from a common school district not having a high school or teaching high school subjects may select any high school of his or her choosing for attendance purposes." *Id.; see also Bd. of Trustees of Mary E. Dill Sch. Dist. No. 51 v. Bd. of Educ. of Sahuarita High Sch. Dist. No. 30,* 19 Ariz.App. 323, 325, 506 P.2d 1108, 1110 (1973) (concluding that pursuant to A.R.S. § 15–449 (repealed; now A.R.S. § 15–824), students without a high school in their home district could select "any high school of their choosing"). The choice of school under A.R.S. § 15–824 is within the prerogative of the qualifying student. The common school district within which the high school student resides does not select the school for the student. *Mary E. Dill,* 19 Ariz.App. at 325, 506 P.2d at 1110.

¶ 14 In the present case, the trial court concluded that unlike A.R.S. § 15–816.01, A.R.S. § 15–824(A)(2) is a specific statute that grants qualifying students the absolute right to attend high school in the school district of their choice. "This is an unqualified right and a school district may not impose any criteria for admission under the statute."[2] The court noted that, in contrast to A.R.S. § 15–824, students seeking admission pursuant to a district's open enrollment policy must meet the admission criteria or be denied admission.

¶ 15 The court did not accept Buckeye's argument that the passage of A.R.S. § 15–816.01 evidences the legislature's intent to provide students meeting the criteria of A.R.S. § 15–824(A)(2) with an option. The trial court concluded that "since students entitled to enrollment under A.R.S. § 15–824(A)(2) already have the ability to attend the school of their choice, A.R.S. § 15–816.01 offers no real option."

¶ 16 We agree with the trial court. First, we find that nothing in A.R.S. § 15–816.01 expressly repeals or amends any provision of A.R.S. § 15–824(A). The bill summary that accompanies the House committee meeting notes concerning House Bill 2002 states that "districts are prohibited from charging nonresident pupils tuition." Minutes of Committee on Education, Arizona House of Representatives, Attachment 1, June 15, 1994. However, A.R.S. § 15–816.01(A) provides that tuition may be charged to nonresident students under A.R.S. § 15–824(A). Because adoption of the open enrollment statute did not change the provision for tuition payment by common school districts that are not within high school districts for students who must attend high school in another district, the statutes do not conflict.

¶ 17 Buckeye argues that the phrase in A.R.S. § 15–824(E) that reads "[i]f tuition is required to be charged" indicates that students in common school districts that are not within high school districts have the option of enrolling either as open enrollment or tuition students. We conclude, however, that this phrase merely recognizes that in some circumstances tuition must be paid by the school district in which a nonresident student resides and in other situations no tuition is to be paid. For example, a common school district that is not within a high school district must pay tuition to the districts attended by its high school students, while a student in a district with a high school may enroll in the high school of another district as an open enrollment student without paying tuition. Section 15–824(E) deals not only with tuition for residents of common school districts that are not within high school districts but also provides for other situations, such as where students attend school out of their districts under certificates of educational convenience. Therefore, it does not appear that the legislature intended that students living within a common school district that is not within a high school district attend high school in another district as open enrollment students.

¶ 18 Clearly, the purpose of A.R.S. § 15–824(A)(2) is to ensure that common school district students are afforded a high school education, a right guaranteed under Article 11, section 6 of the Arizona Constitution. Under section 15–824, a high school age student living in a common school district that is not within a high school district may enroll at the high school of his or her choice, and neither the district of residence nor the district of attendance may veto the student's choice. Under the open enrollment statute, however, a student may be denied admission by another district under that district's open enrollment policy. If a student living in a district with a high school is denied enrollment in a school in another district, the student may receive his or her high school education by attending a school in the home district. A student in a common school district that is not within a high school district, however, would not have that option if denied admission under an open enrollment policy. Arizona Revised Statutes § 15–816.01 gives students in a common school

---

2. Because it has not been raised and is not pertinent to this appeal, we do not address how the "unqualified right" to admission may be limited by administrative requirements, such as vaccinations, or for other reasons including disciplinary problems. The trial court presumably referred to the open enrollment criteria, which may include more substantive or academic requirements of potential students.

district that is not within a high school district no more rights than they already have.

¶ 19 As a practical matter, it appears that neither students who reside in common school districts that are not within a high school district nor their parents are affected by whether these students enroll as tuition students or open enrollment students. The families are not required to pay tuition. Allowing these students to enroll under either option seems to put the students and their parents in an uncomfortable position, as happened in this case. On the one hand, the school district in which they reside urged them to enroll as tuition students. On the other hand, the district in which the students wished to attend high school sought to admit them under the open enrollment policy. We do not believe the legislature wished to produce such an awkward situation by allowing high school students who do not reside in high school districts or unified school districts the choice of being either tuition students or open enrollment students.

¶ 20 It appears that the legislature intended for common school districts that are not within high school districts to be financially responsible for the students residing in their districts, even while the students attend high schools in other districts. Under A.R.S. § 15–824(A)(2), the school membership of students attending high school in another district is deemed to be in the district of the student's residence for purposes of determining student count and for apportionment of state aid. This provision is reiterated in section 15–824(D), which states that the school enrollment of a nonresident student for purposes of student count and apportionment of state aid is deemed to be in the district of actual attendance, *except for* certain listed provisions, one of which is section 15–824(A)(2) concerning students in common school districts that are not within high school districts. Thus, we see a clear indication that the legislature intended that these students attend high school as tuition stu-

dents, who are deemed to be enrolled in the districts in which they reside. *See* Op. Ariz. Att'y Gen. I90–036 (concluding that if a high school student is a resident of a common school district without a high school, that student's school membership is statutorily deemed to be the district of the student's residence, and the district of residence must pay tuition).

◼ ¶ 21 Specific statutes create exceptions to general statutes. Therefore, if a provision of a special statute is inconsistent with one in a general statute on the same subject, the specific statute controls. *Mercy Healthcare Ariz., Inc. v. Ariz. Health Care Cost Containment Sys.*, 181 Ariz. 95, 100, 887 P.2d 625, 630 (App.1994). Section 15–824(A)(2) specifically deals with the enrollment of students who live in common school districts that are not within high school districts and attend high schools in other districts. The methods of counting student membership and whether tuition is to be paid differs between sections 15–824 and 15–816.01. Utilizing our rules of statutory interpretation, we conclude that the tuition provisions of the more specific statute, A.R.S. § 15–824, are to be applied to the enrollment of high school students who reside in common school districts that are not within high school districts. We also conclude that the open enrollment provisions of A.R.S. § 15–816.01 do not apply to Fisher students who must enroll in high schools in other districts.[3] Therefore, we affirm the judgment entered by the trial court.

¶ 22 Buckeye appeals the trial court's denial of attorneys' fees and costs, arguing that there was no legal or factual basis to support Fisher's action pursuant to A.R.S. §§ 12–341.01(C) (Supp.2001) and 12–349 (1992). Because we find that legal and factual grounds exist to support Fisher's action, we affirm the trial court's denial of Buckeye's request for attorneys' fees and costs.

**3.** Buckeye argues that such a holding will bar Fisher students from attending high school in Buckeye as open enrollment students once Fisher changes to a unified school district and builds a high school of its own. Assuming that the present statutes are not materially changed before that time, we disagree. If Fisher becomes a unified school district with its own high school, its high school students will no longer be residing in a common school district and will no longer be able to take advantage of the school choice provisions of § 15–824(A)(2). At that point, students residing in Fisher will fall under the open enrollment statutes.

## CONCLUSION

¶ 23 We find that high school students who live in a common school district that is not within a high school district are subject to the provisions of A.R.S. § 15–824, and not the open enrollment provisions of A.R.S. § 15–816.01. Accordingly, we affirm.

PHILIP HALL, P.J. and NOYES, Jr. J., concurring.