128 P.3d 778

Shawn WILLIAMS, Petitioner,

v.

The Honorable Robert E. MILES, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

Ray M. Range and Barbara (Krasny) Range, husband and wife, Real Parties in Interest.

No. 1 CA–SA 05–0303.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 23, 2006.

As Corrected Feb. 27, 2006.

Patterson & Associates PLLC By Rosval A. Patterson, Phoenix, Attorneys for Petitioner.

Abernethy & Green PLC By James M. Abernethy and Benjamin C. Green Attorneys, Phoenix, for Real Party in Interest.

## OPINION

SNOW, Judge.

¶ 1 Petitioner Shawn Williams brings this special action to appeal the bond set by the

**156**

trial court in a Forcible Entry and Detainer ("FED") action brought by the real-parties-in-interest Ray and Barbara Range. Because the court did not set the bond in accordance with Arizona Revised Statutes ("A.R.S.") section 12–1182(B) (2003), we vacate the bond and remand.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 The parties' dispute began on April 7, 2005 when Williams, who had been leasing real property from the Ranges for $1300 per month, allegedly exercised a purchase option contained in her lease. When the Ranges failed to deliver a purchase contract to her, she filed a complaint for specific performance on May 17, 2005.

¶ 3 On June 8, 2005, the Ranges filed an FED action in superior court alleging Williams' failure to pay rent. On September 2, 2005, the court ruled in favor of the Ranges in the FED action and ordered Williams to vacate the premises. It also awarded the Ranges $8000 in attorneys' fees and $389.76 in costs.

¶ 4 Williams then filed a Motion to Stay Judgment or Other Proceedings to Enforce Judgment and Order Fixing Bond on September 7, 2005. The court signed a judgment on September 20, 2005, without affording Williams notice, a reply, or a hearing. The order denied Williams' motion to stay, but nevertheless set a bond at $10,000. Williams timely appealed the FED ruling on the merits, and filed a special action with this court requesting a stay and a reduction of the $10,000 bond.

¶ 5 This court accepted jurisdiction over the special action and granted Williams a temporary stay. Pursuant to the temporary stay, Williams was to pay to the clerk of the court "all unpaid and accrued rent and other accrued charges, including the rent disputed for April. The continued effect of the stay is dependent upon the deposit of any future rent at the time it becomes due."

¶ 6 In resolving the special action we determined that pursuant to *Tovar v. Superior Court*, 132 Ariz. 549, 551, 647 P.2d 1147, 1149 (1982), the court did not have the discretion

to deny a stay and we ordered the superior court to "issue a stay with such conditions and provisions as are appropriate under A.R.S. § 12–1182(B)."

¶ 7 When Williams failed to timely tender her November rent to the clerk, the Ranges filed a motion to lift the stay with this court. We referred this motion to the superior court with orders to comply with our previous order by entering a stay if it had not yet done so. We further ordered it to resolve the Ranges' motion. Williams then paid her November rent, but failed to tender her December rent on time. The superior court heard oral argument on the motion to lift the stay on December 20, 2005 to resolve the issues related to the stay. The court issued an order staying the September 2, 2005 judgment in the FED action pending Williams' appeal, contingent upon Williams posting a bond of $11,700 no later than December 30, 2005. The order states:

[The] execution of the Judgment entered September 2, 2005, by this Court shall be stayed pursuant to A.R.S. § 12–1182(B) ... conditioned upon the following:

1. Defendant, Shawn Williams, shall post a bond with this Court in the amount of $11,700.00 by 5:00 p.m. December 30,2005.

IT IS FURTHER ORDERED that the Order Granting Plaintiff's Motion for Attorney's Fees, Costs and Unpaid Rent entered October 12, 2005, in the amount of $8,389.76 shall not be affected by this stay.

¶ 8 Williams now files this special action contending that the trial court abused its discretion by setting the bond for $11,700.

## DISCUSSION

### A. JURISDICTION

¶ 9 The decision to accept jurisdiction over a special action is largely discretionary and should be reserved for "extraordinary circumstances." *State ex rel. Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4, 35 P.3d 82, 84 (App.2001) (citations omitted). Special action jurisdiction is appropriate when there is "no 'equally plain, speedy, and adequate remedy by appeal.'" Ariz. R.P. Spec. Act. 1(a).

Williams is entitled to a stay upon posting a bond in an amount approved by the court. A.R.S. § 12–1182(B); *Tovar*, 132 Ariz. at 551–52, 647 P.2d at 1149–50 (court erred in refusing to grant stay and "set a bond sufficient to 'pay the rental value of the premises pending the appeal and all damages, costs, and rent adjudged against' the [appellant]"). Williams contends that the court abused its discretion in setting the bond too high for her to pay and as a result, her underlying complaint and appeal will be affected and she will be displaced from her home. Thus, she has no adequate remedy available by appeal. We therefore accept jurisdiction.

### B.  Merits

¶ 10 The court does not indicate how it arrived at the $11,700 bond figure, nor did it impose any conditions upon the stay.

█ ¶ 11 Arizona Revised Statutes § 12–1182(B) provides for the posting of a bond on appeal of an FED action brought from superior court. Such a bond, however, is not "the ordinary appeal or cost bond contemplated by Rule 10 of the Rules of Civil Appellate Procedure, 17A A.R.S., nor is it the type of supersedeas bond contemplated by Rule 7 of the same rules." *Tovar*, 132 Ariz. at 551, 647 P.2d at 1149. It is a separate kind of supersedeas bond with separate statutory requirements that must accompany the stay. The statute authorizes a superior court to stay an FED judgment upon the posting of "a bond in an amount fixed and approved by the court," but the stay must satisfy three additional conditions through the bond or otherwise. First, the superior court must condition the stay on appellant prosecuting the appeal "to effect" meaning the stay must require appellant to expeditiously pursue the appeal to a conclusion. Second, the superior court must condition the stay on the requirement that "appellant . . . will pay the rental value of the premises pending the appeal." Finally, the court is required to ensure that appellant will pay "all damages, costs, and rent adjudged against [appellant]" by the superior court.[1] From the text of the stay order we cannot discern that the superior court complied with any of these conditions.

¶ 12 There is no requirement in the court's stay that appellant prosecute the appeal to effect.

¶ 13 Second, there is no requirement in the stay or bond that the "appellant . . . will pay the rental value of the premises pending appeal." The Ranges argue that the superior court set the bond in an amount calculated to represent nine months of Williams' rent. While this explanation is mathematically sound and presumably does represent a bond approved by the court, it does not meet the statutory requirement that the appellant "will pay the rental value of the premises pending the appeal." Because of the statutory language, the requirement to set a bond in an amount approved by the court, and the requirement that the "[appellant will] pay the rental value of the premises pending appeal" cannot be appropriately conflated by estimating at the outset of an appeal how much rent an appellant will owe over the course of the appeal. Estimated amounts do not comply with the mandatory requirements of the statute that appellant "will pay" the rent pending the appeal. Further prepayment of future rents in a bond is not fair to the appellant because it requires an appellant, in addition to whatever bond is indicated, to post a bond in the amount of multiple future rental payments that have not yet become due in order to preserve her possession of the premises pending appeal. Such a requirement, as a procedural matter, may preclude appellant's appeal. It is also not fair to the landlords in this case because placement of future rents in the bond, without an order allowing the landlord to obtain them when they come due, prevents the landlords from receiving rents as they become due for the tenant's continued possession. Further, if the landlords were not to prevail on the appeal, placement

---

1. Arizona Revised Statutes § 12–1182(B) provides:

> The appeal, if taken by the party in possession of the premises, shall not stay the execution of the judgment unless the superior court so orders, and appellant shall file a bond in an amount fixed and approved by the court, conditioned that appellant will prosecute the appeal to effect and will pay the rental value of the premises pending the appeal and all damages, costs, and rent adjudged against him by the superior court.

of those rents in the bond might prevent, or at least complicate, the recovery of rent for the continued possession during the appeal. Finally, the amount is at best an estimate and, assuming it is not exact, may require further action by the court prior to the resolution of the appeal.

¶ 14 None of these problems are presented by paying the rental value of the premises pending appeal as is set forth in the companion statute to A.R.S. § 12–1182(B). While A.R.S. § 12–1182(B) governs FED appeals from superior court, its companion statute, § 12–1179(D) (Supp.2005), governs FED appeals from justice court. It provides that:

> The tenant shall pay to the clerk of the justice court, on or before each periodic rental due date during the pendency of the appeal, the amount of rent due under the terms of the lease or rental agreement. Such amounts shall be made payable by the justice court to the owner, landlord or agent as they accrue to satisfy the amount of periodic rent due under the lease or rental agreement.

■ ¶ 15 When the legislature has explicitly stated a procedure in an earlier statute and then specifies the same procedure in a companion statute, we interpret the requirements to be similar. *See Ruth Fisher Elementary Sch. Dist. v. Buckeye Union High Sch. Dist.,* 202 Ariz. 107, 110, ¶ 12, 41 P.3d 645, 648 (App.2002) ("If the statutes relate to the same subject or have the same general purpose—that is, statutes which are in pari materia—they should be read in connection with, or should be construed together with other related statutes, as though they constituted one law.") (quoting *State ex rel. Larson v. Farley,* 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970)). It is for this reason that we conditioned Williams' temporary stay in her first special action *"upon the deposit of any future rent at the time it becomes due."* (Emphasis added.) Pursuant to the mandatory condition set forth in § 12–1182(B) this bond should contain a similar condition because a stay must be conditioned on appellant paying "the rental value of the premises

pending appeal." If Petitioner does not pay the rent "on or before each periodic rental due date" she is not in compliance with the mandatory conditions on which her stay is granted and the superior court may dissolve the stay.

¶ 16 In determining in *Tovar* that the superior court did not have the discretion to refuse to grant a stay in an FED action if the conditions and an appropriate bond were set, our Supreme Court included language, in dicta, that could be read to suggest that the bond should be set in an amount sufficient to cover accruing rents on appeal. Nevertheless, because the lower court never granted a stay or set a bond in *Tovar* the Supreme Court had no occasion to consider carefully whether the superior court complied with the statutory requirements for a stay. A close reading of § 12–1182(B) and statutes that are *in pari materia* with it, demonstrate that in addition to an otherwise appropriate bond amount, the superior court should order that the appellant continue to pay timely rent, and that the landlord be entitled to collect that rent as it accrues. In setting any bond in addition to the obligation to pay the rent pending appeal, the court should take into account this obligation.

¶ 17 Further, A.R.S. § 12–1182(B) requires that the stay be conditioned upon an assurance that appellant will pay all "damages, costs, and rent adjudged against him by the superior court." The court might have accomplished this result by including that part of any damages and the costs award by the superior court within the bond. But, while the court may have included damages determined to be due by the judgment in the $11,700 bond, it is not clear that it did so. Further, the court specifically *excluded* the costs from the stay and the bond. While such an exclusion presumably permits the Ranges to attempt to recover their costs and fees at least when an unappealed separate final judgment covering fees and costs has been entered,[2] it does not condition the stay on any assurance that the costs and rent will be paid. It does not, therefore, comply with

---

2. When a separate final judgment has not been entered such a procedure also fails to stay execu-

tion of the judgment in its entirety.

the conditions required by statute. On remand, therefore, we direct the court to consider providing assurance of payment for the costs and damages awarded as a condition of the stay.

## CONCLUSION

¶ 18 For the foregoing reasons, we vacate the bond and remand for the trial court to set a bond in accordance with this opinion.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge and PETER B. SWANN, Judge *.

---

* The Honorable Peter B. Swann, Judge *Pro Tempore* of the Court of Appeals, Division One, has been authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 31, and A.R.S. §§ 12–145 to –147 (2003).