NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN C. MUSSELMAN,
*Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA,
*Defendant/Appellee.*

No. 1 CA-CV 14-0168
FILED 6-2-2015

Appeal from the Superior Court in Maricopa County
No. LC2013-000058-001
The Honorable Maria del Mar Verdin, Judge

**AFFIRMED**

COUNSEL

Law Office of Gary Lassen, PLC, Mesa
By Gary L. Lassen
*Co-Counsel for Plaintiff/Appellant*

Fowler St Clair, PLLC, Mesa
By Sean P. St. Clair
*Co-Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michael E. Gottfried, Daniel P. Schaack
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**O R O Z C O**, Judge:

¶1        Appellant John C. Musselman appeals the trial court's decision to decline jurisdiction over his special action complaint. We determine that the trial court did not abuse its discretion, and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Musselman, an inmate in the Lewis Complex Prison in Buckeye  has been in the custody of the Arizona Department of Corrections (ADOC) since 1999.  Musselman is a Type I diabetic and requires regular insulin injections to maintain proper blood sugar levels.  Musselman contends ADOC staff, at various times, have failed to provide him a full meal within thirty minutes following his insulin injection and in turn, compromising his health and subjecting him and other Type I diabetic inmates to "intermittent [medical] crisis."  Musselman filed suit against the State and the Director of the ADOC (Director) seeking a writ of mandamus requiring the Director to (1) enact a policy to require feeding of insulin-dependent inmates within thirty minutes of receiving an insulin injection and (2) establish a progressive penalty schedule should ADOC violate said policy in the future.[1]

¶3        The Director moved to dismiss Musselman's claims, contending his grievances do not justify special action relief.  The Director also filed a separate "Motion to Decline Jurisdiction" arguing that Arizona Revised Statutes (A.R.S.) section 31-201.01.L (West 2015)[2] bars Musselman

---

[1]        Musselman also petitioned this Court directly for the same writ.  We declined to exercise jurisdiction over Musselman's petition.

[2]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

from seeking special action relief in this case.[3] Following the completion of briefing on both motions, the trial court issued a minute entry "declining jurisdiction in this matter and dismissing the First Amended Complaint for the reasons enumerated by the State." Musselman timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. § 12-2101.A.1 (West 2015).[4]

## DISCUSSION

**¶4**        A party seeking a writ of mandamus must proceed via special action. *Kelley v. Ariz. Dep't of Corr.*, 154 Ariz. 476, 479 (1987). On appeal, we first must determine whether the superior court accepted jurisdiction of the merits. *Bilagody v. Thorneycroft*, 125 Ariz. 88, 92 (App. 1979). If so, then we may review the merits of the case. *Id.* If not, the only issue before us is whether the trial court abused its discretion by declining jurisdiction. *Id.* Here, the trial court declined to exercise jurisdiction over Musselman's complaint. We therefore confine our review to whether the trial court abused its discretion in doing so.

**¶5**        Jurisdiction over a special action should be accepted only in extraordinary circumstances, where justice cannot be satisfactorily obtained by other means. *Williams v. Miles*, 212 Ariz. 155, 156, ¶ 9 (App. 2006); *Pompa v. Superior Court*, 187 Ariz. 531, 533 (App. 1997). Musselman sought special action relief to enforce the Director's purported duty to provide him adequate medical care. But claims for inadequate medical care while in custody can be addressed in a conventional civil lawsuit, most frequently under 42 U.S.C. § 1983 (West 2015). *See Zuck v. State*, 159 Ariz. 37, 42 (App. 1988) (inmate alleging unreasonable delay in providing medication could pursue negligence and § 1983 claims).

**¶6**        Indeed, Musselman concedes he has other potential remedies when he relies on federal Eighth Amendment case law to establish the Director's "duty to provide medical and health services for … prisoners," and when he asserts that he "will also establish a violation of the Eighth Amendment." Because Musselman's allegations can be addressed in a

---

[3]        Because the Director withdrew his § 31-201.01.L arguments on appeal, we do not address them.

[4]        The trial court signed its January 9, 2014 minute entry on January 13, 2014; however, the minute entry did not include language of finality as required by Arizona Rule of Civil Procedure 54(c). The trial court provided a Rule 54(c) certification on August 18, 2014.

conventional civil lawsuit, the trial court did not abuse its discretion by declining to exercise jurisdiction.

¶7        Musselman claims he is not required to file a conventional lawsuit, and that the superior court abused its discretion in declining jurisdiction over his special action complaint seeking mandamus relief on three grounds.  He first argues that Article 6, Section 18 of the Arizona Constitution does not expressly require him to show there are no other available remedies before proceeding with a special action.[5]  By case law and statute, however, relief by mandamus or special action is only available "when there is no plain, speedy and adequate remedy at law."  *State Bd. of Technical Registration v. Bauer*, 84 Ariz. 237, 239 (1958) ("It is well settled in this jurisdiction, by statute and court decisions interpreting same, that mandamus will only lie … *when there is no plain, speedy and adequate remedy at law.*") (Emphasis in original); A.R.S. § 12-2021 ("A writ of mandamus may be issued … when there is not a plain, adequate and speedy remedy at law[.]").  And Musselman has not shown how this authority is inconsistent with the directives of Article 6, Section 18.

¶8        Musselman next argues that a Section 1983 claim would not address the Director's alleged violations of state law.  The state law Musselman references is Article 2, Section 15 of the Arizona Constitution, which mirrors the Eighth Amendment.  Musselman does not offer any reasons why the Arizona provision would be interpreted differently from its federal counterpart.  We therefore treat them as being coterminous.  *See State v. Long*, 207 Ariz. 140, 144 n.2 (App. 2004) (citing *State v. Noble,* 171 Ariz. 171, 173 (1992)).

¶9        Finally, Musselman argues that a conventional lawsuit would not be a plain, adequate and speedy remedy because it would be time consuming and would "follow[] the processes of a traditional court action."  Musselman, however, has not shown how the superior court abused its discretion in rejecting this argument.  *See Neary v. Frantz*, 141 Ariz. 171, 177 (App. 1984) ("A remedy does not become inadequate merely because more time would transpire by pursuing a conventional action.").

---

[5]        "The superior court or any judge thereof may issue writs of mandamus, quo warranto, review, certiorari, prohibition, and writs of habeas corpus on petition by or on behalf of a person held in actual custody within the county.  Injunctions, attachments, and writs of prohibition and habeas corpus may be issued and served on legal holidays and non-judicial days."  Ariz. Const. art. 6, § 18.

¶10 Because Musselman did not prevail on appeal, we deny his request for attorney fees and costs pursuant to A.R.S. §§ 12-2030.A and -348.A.4.

**CONCLUSION**

¶11 Assuming *arguendo* that Musselman has properly stated the Director's duty to provide medical care to inmates – an issue we do not reach – he has other plain, adequate and speedy remedies at law. The trial court did not abuse its discretion by declining to exercise jurisdiction over Musselman's First Amended Complaint. We therefore affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama